EDWARD A. KINGSLAND, FRANK CALLAHAN and ALEXANDER W. MCLEAN, Respondents, *v.* PETER D. BRAISTED, WILLIAM C. GOVER, JOHN D. MORIARTY and JAMES E. BOYLE, Appellants.

(GENERAL TERM, FIRST DISTRICT, APRIL, 1870.)

The act of 1849 (page 389, chapter 258), providing for the prosecution of actions by or against " any joint stock company or association, consisting of seven or more shareholders or associates," in the name of its president, &c., did not, it seems, until extended by the act of 1851 (page 838, chapter 455), apply to associations wherein the members were not shareholders or stockholders.

The members liable, as such, of any " association composed of not less than seven persons, who are owners of, or have an interest in any property, right of action or demand, jointly or in common, or who may be liable to any action on account of such ownership or interest," are now, under the provisions of the act of 1849, liable in a suit upon an indebtedness of such association, after judgment against it, and execution returned unsatisfied thereon.

The statute preserved, but did not extend the right to enforce against such members a liability, as partners, which existed independently of it.

When the defense in such an action is a non-joinder of all the associates as defendants, the parties omitted must be pointed out by name, or judgment will go against the defendants named.

Nor when the action is brought by a firm, several of the partners being also members of the association, but not joined as defendants, and the defense of non-joinder is not properly pleaded, is an objection available to the defendants, that one member of the association may not sue another.

And upon the authority of *Cole* v. *Reynolds* (18 N. Y. Rep., 74), the joinder of law and equity jurisdiction, under the Code, would render the objection unavailing as a defense. Per INGRAHAM, J.

In an action against the associates, after judgment and execution, returned *nulla bona* against the association (see Laws 1853, page 283), the plaintiff is not entitled to recover costs of the original suit.

ACTION by the members of a firm of E. A. Kingsland & Co., against the defendants, as members of " The Kavanagh Association," to recover upon an indebtedness of the association for goods sold, after judgment recovered, and execution returned *nulla bona*, in a suit against the association in the name of its president. The plaintiffs had judgment for the indebtedness, with interest, and costs in the suit against the association, which was incorporated, and the defendants appealed. The facts are stated in the opinion of the court.

*L. S. Chatfield*, for the appellants.

*T. Sadler*, for the respondents.

Present—INGRAHAM, SUTHERLAND and CARDOZO, JJ.

INGRAHAM, P. J. This action is brought against the defendants, as members of a joint stock association, to recover an account for goods sold to the association. An action had been brought against William C. Gover, as president, and a recovery had for the claim.

The complaint sets out the recovery of the judgment against the president of the association, and that an execution had been returned unsatisfied; that the defendants were members of the association, and that the association were indebted to the plaintiffs for the goods so sold.

The answer admits that defendants were members; that .

Kingsland *v.* Braisted.

the association were indebted to the plaintiffs, and that the judgment had been recovered against the president of the association; that the goods were sold to the association, as such, and that all the members are jointly liable therefor. It also alleges that there are 150 members, all of whom are living, but does not give the names of the associates.

The parties agreed upon the facts by a stipulation admitting the judgment and execution returned unsatisfied; that the association consisted of over 100 members, and were indebted for the goods claimed for in the complaint; that the names of the members were unknown to them; that the goods were sold and delivered to the association, and the debt contracted by them as an association. The plaintiffs admitted that they knew, at the time of bringing the action, that there were other members than those sued.

The justice rendered judgment for the plaintiffs for the amount of the judgment and interest, and the defendants excepted. The case seems to have been tried on the supposition that all the members should be joined as defendants.

This association can hardly be said to come within the provisions of the act of 1849 (p. 389, Session Laws.) That act only applies to associations having shareholders. Throughout the act the same is called a joint stock company or association, and seems to contemplate only an association in which the members hold shares or stock; but the act of 1851 (page 838, Session Laws), extends the provisions of the act of 1849 to any company or association composed of not less than seven persons who have any interest in any property, right of action or demand, jointly or in common, or who may be liable to any action for or on account of such ownership or interest. The admission in this case brings the association within these provisions, and makes the parties liable under the provisions of the first statute. By that act, section 4, it was provided that the bringing an action against the president shall not deprive the plaintiff of the right, after judgment, of suing all or any of the shareholders or associates individually, as now provided by law.

Without these acts the members would have been liable as partners for goods so purchased. The statute does not extend but only preserves the right to enforce a liability as it existed, independent of the statute. Considering the members as partners, the liability was a joint one and all the defendants should be joined; but where an action is brought against partners and some are omitted, those who are sued can only take advantage of such omission by pleading it. It is not enough to set up, as is done in this answer, that there are others who are liable, but the names must be given, so as, in the language of the old cases, to give the plaintiff a better writ.

There is no such answer in this case, and I see no reason why the court should not have rendered judgment against those who were named as defendants.

It is objected to this judgment that two of the plaintiffs were members of the association, and that one member cannot sue another. Admitting that to be the rule of law applicable to such cases, still it does not apply here.

This action is by a firm, some of the members of which are not members of the association. The firm, as such, is not thereby prevented from collecting a debt due them from the association, unless the non-joinder of such defendants is properly pleaded.

This question was discussed and decided in *Cole* v. *Reynolds* (18 N. Y. Rep., 74), in which it was held there is no difficulty growing out of the fact that one of the parties is a member of both firms (plaintiffs and defendants) in sustaining this action, and the reason given for it is that the distinction between actions at law and suits in equity is abolished, and as the parties are all before the court, the objection is now unavailing.

I think, however, the court erred in giving judgment for the costs against the defendants in the first action. The defendants are not liable for that portion of the judgment against the president of the association. The creditor had a right to sue in either form. If he sued the president, the

statute says it shall not prevent an action against the members. That action, however, can only be for the original debt and interest, and the recovery in this case should have been for nothing more than the original debt and interest. (*Bailey* v. *Banker*, 3 Hill, 188.)

Judgment reversed and new trial ordered; costs to abide event.