MORRIS COHN, RESPONDENT, v. JEREMIAH BORST, AS TREASURER OF LODGE No. 394 OF FREE AND ACCEPTED MASONS, APPELLANT.

*Lease to a committee of a lodge — when the lodge is bound by it — a lodge may be sued as a joint-stock association under chapter 258 of 1849, as amended by chapter 455 of 1851 — power of, to make by-laws — the lodge is bound by a contract though its members change.*

By a written lease, made between Morris Cohn, the plaintiff, of the first part, " and Lodge No. 394 of Free and Accepted Masons, by their committee, Sanford J. Thatcher, Luther T. Fox and Charles Hamilton, of the second part," certain premises were leased to the party of the second part for the term of five years, at a rent therein named. It was signed by the plaintiff and by the three members of the committee, individually, seals being placed opposite their names.

*Held,* that the lease was taken by the lodge and not by the individual members of the committee.

The lodge, which had received a charter from the grand lodge of the State, consisted of about fifty members, having officers and holding and owning property.

*Held,* that the lodge was such an association as is described in chapter 258 of 1849 and chapter 455 of 1851, and that under those acts an action might be brought against the lodge in the name of its treasurer.

That it was competent for the persons composing the lodge to hire a room, in which to hold their meetings, and that it was also competent for them to agree, by their by-laws, that a certain number, less than the whole, should, at a stated meeting, constitute a quorum, and that such quorum should, by a majority vote, act for the whole body.

That the fact that the body was fluctuating in its membership did not present any obstacle to the recovery of a judgment against it, however it might affect its collection.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought upon a written lease under seal, executed by the plaintiff, and by the lodge through its committee to recover

the rent due thereby to the plaintiff, for certain rooms therein leased to said lodge.

At the time of the commencement of this action Jeremiah Borst was, and yet is, treasurer of Lodge No. 394 of Free and Accepted Masons. The lodge is one of the masonic lodges of this State. It is located at Cobleskill, Schoharie county, N. Y. It existed for more than five years prior to any of the transactions in question, and has a charter for its existence acquired from the grand lodge of this State. During its entire period of existence it has been composed of a large number of persons — more than fifty — and has owned and possessed property, and at the time of the transactions in question it possessed and hired the property named in the complaint.

At a regular or stated meeting of said lodge, held at its lodge rooms in Cobleskill, on the 18th day of November, 1873, the following resolution was adopted:

COBLESKILL, *November* 18, 1873.

At a regular communication of the Cobleskill Lodge, No. 394, in the village of Cobleskill, the 18th of November, 1873, motion made that a committee of three be appointed to rent of Brother Cohn and J. H. Dievendorf, the lodge room for the term of five years, for the sums of $125 and thirty dollars per annum, respectively, with improvements as per agreement. (Carried.)

" Committee appointed: Charles Hamilton, S. J. Thatcher and L. T. Fox."

Afterwards, and in pursuance of said resolution, and in behalf of and for said lodge, said committee and the plaintiff executed the lease in question.

*N. P. Hinman*, for the appellant.

*Hobart Krum*, for the respondent.

LANDON, J.:

The lease upon which recovery was had recites that it was made and concluded between the plaintiff and " Lodge No. 394 of Free and Accepted Masons, by their committee, S. J. Thatcher, L. T. Fox and C. Hamilton, of the second part." That the lease is not the lease of the individual members of the committee, but is the lease of the lodge, is apparent upon its face. ( *Whitford* v. *Laidler*, 94 N. Y., 145.) It is immaterial that the members of the commit-

tee signed the lease in their individual names, and did not repeat. after their signatures their representative character, or that they placed seals after their names. (Id.) It plainly appearing upon the face of the instrument that the committee acted for the lodge, and not for themselves, their individual seals affixed to a paper that needed no seal could not add to the binding force of their representative act, or detract from it, and must *per se* be without significance. In cases apparently holding otherwise, it appeared upon the face of the agreement that the person signing it acted for himself or did not disclose his principal. (*Briggs* v. *Partridge,* 64 N. Y., 357.)

The existence of the lodge as a social organization, composed of about fifty members, and collectively having officers and property, was found by the court. It was, *de facto,* such an association as is described in chapter 258, Laws 1849, amended by chapter 445, Laws 1851; and under these statutes the action is well brought against the association in the name of its treasurer. (*Tibbetts* v. *Blood,* 21 Barb., 650; *Bridenbecker* v. *Hoard,* 32 How. Pr., 289; *Kingsland* v. *Braisted,* 2 Lans., 17; *De Witt* v. *Chandler,* 11 Abb., 470; *Corning* v. *Greene,* 23 Barb., 47; *Ebbinghousen* v. *Worth Club,* 4 Abb. N. C., 300)

It was competent for the persons composing this lodge to hire a room in which to hold their meetings; and it was competent for them to agree by their by-laws that a certain number less than the whole, should at a stated meeting constitute a quorum, and that such quorum, by a majority thereof, could act for the whole body. Whatever contract it would be lawful for all to make, they could lawfully appoint their agents to make. The statutes authorizing suit against such an association in the name of an officer thereof, upon such a contract, impose no new liability; they make the enforcement of the obligation practicable and convenient.

That the body is fluctuating in its membership does not present any obstacle to the recovery of the judgment, however it may affect its collection.

The judgment should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.