(65 App. Div. 467.)

## NEW YORK FASTENER CO. v. WILATUS.

(Supreme Court, Appellate Division, Second Department. November 22, 1901.)

1. PARTNERSHIP—PURCHASE OF GOODS—ACTION FOR PRICE—ACTION AGAINST ONE PARTNER—PLEADING—JUDGMENT.

Where, in an action for the price of goods, the complaint alleged a balance due from defendant for goods sold him individually, but trading under the firm name of W. & S., and it was amended so as to allege that defendant was the sole surviving partner of the firm, and the proof established a purchase by the firm, a judgment against defendant could not be sustained.

2. PARTNERSHIP—DISSOLUTION—CONTINUING PARTNER—ASSUMPTION OF DEBTS.

Where, in an action for the price of goods alleged to have been sold defendant individually, the proof showed that they were purchased by defendant as a member of a firm, the fact that defendant admitted that he assumed the debts on dissolution of the firm did not warrant a judgment against him.

3. PARTNERSHIP LIABILITY—SUIT AGAINST ONE PARTNER—STATUTES.

Code Civ. Proc. § 1946, declares that where, for any cause, one or more partners have not been joined as defendants in an action on a partnership liability, and final judgment has been taken against the persons made defendants therein, the plaintiff, if the judgment remains unsatisfied, may maintain a separate action on the same judgment against each of the omitted partners. Held, that the section refers only to an action on a partnership liability, and where a complaint in an action for the price of goods alleges them to have been purchased by defendant individually, and the proof shows the purchase to have been made by a partnership of which defendant was a member, the statute does not authorize a judgment against defendant.

Appeal from municipal court, borough of Brooklyn, Fourth district.

Action by the New York Fastener Company against Edward Wilatus. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HIRSCHBERG, JENKS, and SEWELL, JJ.

Edwin B. Fiske, for appellant.

F. E. Anderson, for respondent.

WILLARD BARTLETT, J. In this action the plaintiff corporation sought to recover of the defendant a balance alleged to be due for goods sold and delivered to him individually, but trading under the firm name of Wilatus & Sander. The answer set up several defenses, one of which was that Wilatus & Sander had been copartners, and that the goods mentioned in the complaint were sold to the firm, and not to the defendant, Wilatus, individually. At the opening of the trial the counsel for the plaintiff asked leave to amend the complaint so as to allege that the defendant was "the sole surviving member of the firm," and this motion was granted. It is to be observed, however, that there was no other amendment; so that the trial proceeded upon a complaint alleging that the defendant was the sole surviving member of the firm of Wilatus & Sander, but containing only allegations to the effect that Wilatus was the individual purchaser of the goods, and nothing to indicate that they

were bought by the copartnership. After proving the incorporation of the New York Fastener Company, counsel for the plaintiff offered in evidence the answer of the defendant, Wilatus, as a witness against himself. He testified that the facts stated in the answer were true; that the firm of Wilatus & Sander was dissolved July 5, 1900; that he bought out his partner, and asssumed all the debts; and that all the assets came into his possession. He further stated that he was now carrying on the business, that his partner had purchased the goods in question from the plaintiff, and at the time had authority to act for the witness. Upon this evidence the court rendered judgment in favor of the plaintiff for the amount of its claim.

I do not see how this judgment can be sustained. The complaint alleged ony an individual liability. The answer set up that whatever liability existed was joint. The proof offered in behalf of the plaintiff supported the averments of the answer in this respect: It established a purchase by the copartnership, and no transaction whatever with the defendant as an individual. It may be that the counsel for the plaintiff, in the oral amendment which he procured to the complaint at the commencement of the trial, intended to make his pleading broad enough to allege a firm liability; but the record does not show that he succeeded in changing the complaint sufficiently for this purpose. Indeed, the return is so obscure that it is exceedingly difficult to ascertain precisely what issue or issues were really passed upon by the court below, although there is enough to indicate that the judgment ought not to stand.

It is contended that, inasmuch as the defendant admits that he assumed the debts of the firm of Wilatus & Sander at the time of its dissolution, he can be held liable, upon the doctrine of Lawrence v. Fox, 20 N. Y. 268; but the courts have refused to extend the principle upon which that case was decided to such an agreement as this. Merrill v. Green, 55 N. Y. 270. In the case cited it was held that where, on the dissolution of a firm, one partner executed to another a bond conditioned for the payment by the partner executing it of all the firm debts, a firm creditor could not maintain an action upon the bond to recover of the obligor his claim against the firm.

Counsel for the respondent also refers to section 1946 of the Code of Civil Procedure as authorizing the judgment against the defendant herein. That section, however, refers only to "an action upon a partnership liability"; whereas, as I have endeavored to show, the complaint in this action negatives the idea of any partnership liability, and is framed upon the theory that the defendant was the individual purchaser of the goods. The judgment should be reversed, and a new trial ordered.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.