SPARKS v. FOGARTY.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. ACTION AGAINST INDIVIDUAL—PROOF OF LIABILITY AS PARTNER.
    Evidence that a partnership of which defendant was a member pur-
    chased goods will not sustain an action against him individually for the
    price.

2. SAME—NONJOINDER OF PARTNER—WAIVER.
    A general denial to an action against defendant individually is not
    a waiver of the nonjoinder of his partner, so as to sustain the action,
    though the proof shows only a partnership liability.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Frederick W. Sparks against Thomas L. Fogarty. Judg-
ment for plaintiff, and defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, JENKS, and HOOKER, JJ.

Henry A. Rubino, for appellant.
W. S. Taylor, for respondent.

HOOKER, J.   This is an appeal by the defendant from a judgment
of the Municipal Court awarding to the plaintiff the full amount of the
plaintiff's claim.   The pleadings were oral, and the plaintiff "com-
plained of defendant for goods sold and delivered in the sum of $163.-
50."   The answer is a general denial.   Upon the trial the plaintiff's
evidence tended to show that the goods mentioned in the complaint
were sold to a partnership, of which the defendant was a member, and
not to the defendant individually.   While the claim is made by the re-
spondent that there is evidence from which the justice might have
found that the defendant purchased the goods in his individual ca-
pacity, we cannot concur in that view.   The substance of the conversa-
tions between the parties and the copartner of the defendant, and all
of the circumstances surrounding the sale of the goods, preclude the
theory that the sale was to the defendant individually.   The judgment
cannot be sustained under the authority of New York Fastener Co. v.
Wilatus, 65 App. Div. 467, 73 N. Y. Supp. 67, which case is directly
in point, and a further discussion of the legal question involved in this
case is therefore unnecessary.

The respondent's claim that the defendant has waived a nonjoinder
of his copartner, and that therefore the judgment must be affirmed, is
without merit.   While it is, no doubt, true that the nonjoinder of neces-
sary parties must be raised in the Municipal Court by answer, or be
deemed to be waived (Amsterdam Electric Light Co. v. Rayher, 43
App. Div. 602, 60 N. Y. Supp. 330), it is sufficient to note that the com-
plaint alleged an indebtedness of an individual defendant, and made no
mention of a partnership relation.   Had the plaintiff seen fit to amend
his pleading so as to allege a sale to the partnership, of which the de-
fendant was a member, and thereupon the defendant had not amended
his answer by raising the question of nonjoinder, the plaintiff's conten-
tion might prevail; but the plaintiff distinctly refused to adopt the sug-

¶ 1. See Partnership, vol. 38, Cent. Dig. §§ 301, 369.

gestion made upon the trial that he amend his complaint in that respect, and the defendant, by his general denial to the complaint as it stood, raised an issue that the goods were not sold to him. All the proof substantiated the defendant's claim, and upon the authority of New York Fastener Co. v. Wilatus, supra, the judgment of the Municipal Court must be reversed.

Judgment reversed, with costs. All concur.