(96 App. Div. 515.)

WILDRICK v. HEYSHEM.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1904.)

1. PARTNERSHIP—SUIT AGAINST INDIVIDUAL—ANSWER—PLEADING—CONTRACT— EVIDENCE.

Where, in an action against one for a breach of contract, the answer alleged that the contract was made not with defendant alone, but with himself and another as copartners, and that the other should have been made a defendant, it was error to refuse to admit evidence of such fact on the theory that the answer attempted merely to set up a nonjoinder, and that it was insufficient because it failed to allege that the other partner was within the jurisdiction of the court; the defense that the contract was a partnership one being sufficient.

Appeal from Special Term, Steuben County.

Action by William Wildrick against William Heyshem. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

James O. Sebring, for appellant.
D. M. Darrin, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event.

The action was to recover damages for breach of contract to deliver cattle, alleged to have been sold by defendant to plaintiff. The total purchase price was $465. The verdict rendered by the jury was for $100. The questions presented upon this appeal are of law, and not of fact. So far as the facts were submitted to the jury, we see no reason for interfering with their determination thereof. The defendant, however, alleged that the contract, if made, was not by or with himself alone, but with himself and his brother, who were copartners, and as such owners of the cattle in question, and that his brother, who was still living, should have been made a party defendant with him in the action. And then, upon the trial, the defendant offered to prove that plaintiff made no contract with the defendant alone. If he made a contract, it was with the defendant and his brother as copartners. This offer was objected to by plaintiff as immaterial and incompetent under the pleadings, and the objections were sustained. Several questions were thereupon asked by the defendant with a view to proving the partnership, and that the contract was a copartnership one, all of which were objected to on the same grounds, and the objections sustained. The theory upon which these rulings were made was that the answer attempted merely to set up a nonjoinder of the brother, the partner of defendant, as a party to the action, and that the pleading was insufficient because it failed to

allege that the brother was within the jurisdiction of the court, so that service could be made upon him of the summons in the action. Assuming this rule of pleading to be correct, the difficulty is that, regardless of this question of pleading nonjoinder of parties, the answer alleged, and the defendant offered to prove, a complete defense to the action, to wit, that no contract was made by or with the defendant alone, but the contract, if made at all, was with the copartnership, which was the owner of the cattle. If this was true, then the liability was a copartnership, and not an individual liability, and no action could be maintained against the defendant individually thereon. It would have to be brought against the members of the copartnership, regardless of whether all the defendants could be actually served with process or not. Defendant had a legal right to have the judgment in such form that copartnership property would be appropriated to its payment before his individual property could be taken. New York Fastener Co. v. Wilatus, 65 App. Div. 467, 73 N. Y. Supp. 67; Sparks v. Fogarty (Sup.) 87 N. Y. Supp. 648.

Defendant did not need to plead nonjoinder of a party defendant in order to have the benefit of his allegation that the liability was not an individual, but a copartnership, one, and therefore could not be maintained in the form it was brought against him individually. The court should have admitted the evidence offered as to copartnership, and left it to the jury to pass upon the question under instructions that no recovery could be had if the contract was a copartnership one, and not defendant's individual contract.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event upon question of law only, the facts having been examined, and no error found therein. All concur.