ALASKA BANKING & SAFE DEPOSIT CO. v. VAN WYCK  et al.

(Supreme Court, Appellate Division, First Department.   July 7, 1911.)

1. APPEAL AND ERROR (§ 927*)—REVIEW—PRESUMPTION.
   On appeal from a judgment dismissing a complaint, it must be assumed that plaintiff could have proven facts he offered to prove, had be been permitted to do so.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 927.*]

2. CONTRACTS (§ 346*)—VARIANCE.
   The common-law rule that in an action on an alleged joint contract plaintiff must fail, unless he shows joint liability of all the defendants, has been changed by the Code of Civil Procedure.
   [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 346.*]

3. PARTNERSHIP (§ 216*)—ACTION—JOINT LIABILITY.
   That a complaint in an action on a note joined too many persons as defendant partners does not prevent recovery against the actual partners.
   [Ed. Note.—For other cases, see Partnership, Dec. Dig. § 216.*]

4. PARTIES (§ 84*)—DEFECT—WAIVER.
   Under Code Civ. Proc. §§ 488, 498, authorizing objection to a complaint by demurrer or answer for a defect of parties, and under section 490. providing that such objection not so taken is waived, in an action on a note, a defendant partner is entitled to have his copartners joined, but nonjoinder is waived by his failure to object by demurrer or answer.
   [Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 134–142; Dec. Dig. § 84.*]

Appeal from Trial Term, New York County.

Action by the Alaska Banking & Safe Deposit Company against Philip V. R. Van Wyck and others.  Judgment dismissing the complaint, and plaintiff appeals.  Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

H. Snowden Marshall, for appellant.
Archibald C. Shenstone, for respondents.

McLAUGHLIN, J.   This action was brought to recover against the defendants, as copartners doing business under the name Chicago Creek Coal Company, upon a promissory note made by the defendant Solomons, and signed by him individually and as manager of such company.  Upon the trial evidence was offered showing the formation of a syndicate under the name Chicago Creek Coal Company, of which the defendant Solomons was manager, and tending to show that at least some of the defendants besides Solomons were liable upon the note.  The trial court was of the opinion, however, that

the plaintiff had failed to prove the cause of action alleged and dismissed the complaint at the close of plaintiff's case, except as to the defendant Solomons. Judgment was entered to this effect, from which the plaintiff appeals.

It appears that one Church and one Hart had originally been members of the syndicate, but had died prior to the commencement of this action. That fact, however, did not appear in the complaint, which contained only a general allegation that the defendants were partners, but was brought out by the plaintiff's proof. Their executors were made parties defendant, and it is conceded by the appellant's counsel that they did not become partners, and no cause of action against them was established. It also appeared there were other members of the syndicate who were not mentioned in the complaint or made parties to the action. The answers of the different defendants contained only general denials of the allegations of the complaint, and this defect in parties was not disclosed until developed by the evidence. The trial court was of the opinion that the plaintiff could not in any event recover against any of the defendants except Solomons without amending the complaint, so that it would show exactly who were members of the syndicate at the time the note was given. The plaintiff's counsel declined to amend the complaint, and, in order to avoid prolonging the trial unnecessarily, offered to prove facts which would establish the liability of all the defendants upon the note. The defendants' counsel objected to the proof of such facts on the ground that such proof would not tend to establish the cause of action set out in the complaint because it appeared that at least two of the defendants were not copartners and two who were had not been made parties. The objection was sustained, an exception taken, and the complaint was then dismissed, to which an exception was also taken.

[1] For the purposes of this appeal, it must be assumed that the plaintiff's counsel would have been able to prove the facts which he offered to prove, had he been permitted to do so.

[2] Upon this assumption, therefore, the complaint included among the alleged partners two defendants who had never been partners and who were concededly not liable. It also failed to mention some of the partners who were liable, two of whom it appeared had died prior to the commencement of the action. The question presented is whether upon this complaint the plaintiff could recover against the defendants who were liable upon the note. So far as the two executors were concerned, it is obvious that their joinder, under the allegation that they were partners, would not have prevented a recovery against the other defendants. The common-law rule that in an action upon an alleged joint contract the plaintiff must fail unless he established the joint liability of all the defendants has been changed by the Code of Civil Procedure. Pruyn v. Black, 21 N. Y. 300; McIntosh v. Ensign, 28 N. Y. 169; Stedeker v. Bernard, 102 N. Y. 327, 6 N. E. 791; Lawton v. Partridge, 111 App. Div. 8, 97 N. Y. Supp. 516. The case of McIntosh v. Ensign, supra, followed in the later case, is directly in point. There the plaintiff had alleged the joint lia-

bility of five defendants. The proof established that only two were liable, and it was held that the plaintiff was nevertheless entitled to judgment against those two.

[3, 4] It follows that the dismissal of the complaint on this ground was error for under the offer the plaintiff's proof might, conceivably, have shown that the other defendants, or some of them, were jointly liable upon the note, and were the only members of the syndicate who were liable. In that event, under the authorities cited, the plaintiff would have been entitled to recover against those defendants despite the misjoinder of the others. A fair construction of the offer, however, is that the proof would have shown that all the members of the syndicate at the time the note was given, including Church and Hart, were jointly liable, and it remains to be seen whether the failure to allege in the complaint who all these members were would have prevented a recovery. As already stated, the fact that the complaint charged too many persons as partners would not have prevented a recovery against the actual partners, and on principle it would seem clear that the fact that the complaint charged too few as partners ought not to prevent a recovery. The variance between the pleading and proof is as great in the one case as in the other. That this is the correct rule, a very brief review of the authorities will show. The Code of Civil Procedure provides that where there is a defect of parties, either plaintiff or defendant, appearing on the face of the complaint, the defendant may demur. Section 488. If such objection does not appear on the face of the complaint, it may be taken by answer (section 498); and, if not taken by demurrer or answer, defendant is deemed to have waived it (section 499). Of course, a partner is entitled, as claimed by the respondent, to have his copartners joined in an action upon a partnership liability, but it is established that in such an action this right is waived by failing to raise the objection by demurrer or answer. Seligman v. Friedlander, 199 N. Y. 373, 92 N. E. 1047; Hotopp v. Huber, 160 N. Y. 524, 55 N. E. 206; Amsterdam Electric Light Co. v. Rayher, 43 App. Div. 602, 60 N. Y. Supp. 330; Strobel & Wilken Co. v. Weisen, 128 N. Y. S. 798, decided at the April Term, not yet officially reported.

There are authorities to the effect that in an action against a single defendant, the complaint not alleging a joint liability, the plaintiff cannot recover upon proof that the defendant was jointly liable with others. Wildrick v. Heyshem, 96 App. Div. 515, 89 N. Y. Supp. 78, Sparks v. Fogerty, 93 App. Div. 472, 87 N. Y. Supp. 648; New York Fastener Co. v. Wilatus, 65 App. Div. 467, 73 N. Y. Supp. 67; Rich v. Wright, 57 App. Div. 236, 68 N. Y. Supp. 122. But it by no means follows that, where the complaint alleges a joint liability, the plaintiff must fail unless all of the persons jointly liable are made parties. If the defendant wishes to rely upon such a defense, then he must show by his pleading exactly who the omitted parties are. Mittendorf v. N. Y. & Harlem R. R. Co., 58 App. Div. 260, 68 N. Y. Supp. 1094; Wigand v. Sichel, *42 N. Y. 120; Kingsland v. Braisted, 2 Lans. 17.

In the last case cited it was said:

"Considering the members as partners, the liability was a joint one and all the defendants should be joined; but, where an action is brought against partners and some are omitted, those who are sued can only take advantage of such omission by pleading it. It is not enough to set up, as is done in this answer, that there are others who are liable, but the names must be given so, as in the language of the old cases, to give the plaintiff a better writ."

This statement of the rule applies exactly in the present case. The same rule has been applied in many cases where a partner was omitted as a party plaintiff. Sullivan v. N. Y. & R. Cement Co., 119 N. Y. 348, 23 N. E. 820; Merritt v. Walsh, 32 N. Y. 685; Zabriskie v. Smith, 13 N. Y. 322, 64 Am. Dec. 551; Frazier v. Gibson, 15 Hun, 37. As a question of pleading, it is impossible to make any logical distinction between parties plaintiff and parties defendant.

It is at least doubtful if the case of McIntosh v. Ensign, supra, is not decisive of this question as well as the question of misjoinder. In that case Wright, J., said that, while it might be implied that there were other persons jointly liable with the two partners, there was no proof of that fact, but Emott, J., in his opinion, said:

"It was admitted that Ensign and Holt were part owners of the vessel, * * * but it was proved that there were other owners of the vessel who were, of course, also bound by the same agreement upon which Ensign and Holt were liable."

After showing that the plaintiff would not be prevented from recovering because he had joined three other defendants who were not liable, he continued:

"Nor will he be defeated because, if he had sued Holt and Ensign alone, they might have pleaded the nonjoinder of other parties in abatement. They have not done so, and they stand on the record jointly liable to the plaintiff, while it is immaterial in this action whether others could have been sued or not."

If the statement of Emott, J., that the proof showed that others were jointly liable with the two partners sued is a correct statement of the facts, then the case is on all fours with the case at bar, viz., the complaint charging certain defendants as partners who were not partners and failing to mention some of the actual partners.

But any possible doubt upon the question is removed by the recent decision of the Court of Appeals in Jones v. Gould, 200 N. Y. 18, 92 N. E. 1071. In that case the complaint alleged the formation of a syndicate of which the three defendants were managers. A copy of the blank form of syndicate agreement was annexed to the complaint without disclosing the names of the subscribers. This court held that the complaint failed to state a cause of action against the defendants personally, since it showed that they had made the contract solely on behalf of the syndicate, Id., 123 App. Div. 236, 108 N. Y. Supp. 31; Id., 130 App. Div. 451, 114 N. Y. Supp. 956. Upon an appeal from a judgment upon the pleadings dismissing the complaint, the Court of Appeals held that even so the complaint stated a cause of action on the assumption that the defendants were partners with the other subscribers to the agreement. Cullen, Ch. J., said:

"In this view of the case the respondents have been sued on an obligation incurred jointly with other parties who should have been joined as defend-

ants. The objection to such nonjoinder should have been taken by demurrer or answer. It has been raised by neither; hence the objection has been waived and the action may properly proceed against the present defendants alone. Code of Civil Procedure, § 499."

What was held on this point, therefore, was that an action upon a partnership obligation can be maintained upon an allegation that the defendants were jointly liable with others without disclosing who the others are, unless the defendants raise the objection by demurrer or answer.

In the case now before us, the identity of the partnership and the obligation sued on were clearly set forth, and the complaint alleged the defendants were jointly liable. Under the rule laid down by the Court of Appeals in the last case cited, it necessarily follows that each defendant by his general denial denied only his liability, and did not put in issue the personnel of the partnership. By failing to raise the question of nonjoinder, each defendant thereby waived the objection, and, so long as the proof established his liability, it was entirely immaterial who the other partners were.

The judgment appealed from, therefore, must be reversed and a new trial ordered, with costs to appellant to abide event. All concur.