GIMBEL BROS., NEW YORK, v. MARTINSON et al.

(Supreme Court, Appellate Term, First Department. February 23, 1916.)

PARTNERSHIP ⬦�439141, 161—LIABILITY OF PARTNERS—FIRM TRANSACTIONS.

A firm was not connected with a theater of which a partner was the lessee. The partner purchased, through a salesman of the seller, furnishings for the theater. The salesman supposed that the manager of the theater was a copartner. The manager was not a copartner, and the copartner had no knowledge of the transaction until a bill for the furnishings was rendered. The partner was present at the theater when the furnishings were delivered and gave directions to the workmen. *Held*, that the partner was liable for the price, but the copartner was not liable.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 214–221, 240, 295½; Dec. Dig. ⬦�439141, 161.]

Appeal from City Court of New York, Trial Term.

Action by Gimbel Bros., New York, against Henry Martinson and another, copartners doing business as Martinson & Nibur. From a judgment for plaintiff for $2,257.86, and from an order denying a

new trial, defendants appeal.   Affirmed as to defendant Martinson, and reversed and complaint dismissed as to defendant Martin Nibur.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Goldstein & Goldstein, of New York City (Abraham Lipton, of New York City, of counsel) for appellants.

Max Tachna, of New York City (Rose & Paskus and Norman P. S. Schloss, both of New York City, of counsel), for respondent.

WEEKS, J.   This action is brought against the defendants as co-partners to recover for carpets and draperies furnished by the plaintiff.   The defendants were engaged in the sale of liquors at wholesale and retail.   The merchandise was furnished for and delivered at the Lafayette Theater, the lease of which was originally taken by the defendant Henry Martinson and later transferred to a corporation known as the Lafayette Amusement Company, of which both defendants were stockholders, together with six or seven others.   None of the transactions were had with the defendant Martin Nibur, and there was no proof that he had any knowledge of them until the bill was rendered. The salesman of plaintiff testified that he had all his dealings with the defendant Martinson, and that the approval of the sketch and estimate was signed by Benjamin Nibur, a brother of defendant Martin Nibur, in the presence of defendant Martinson, and that "he put down the names of Benjamin Nibur and I forget the other name— Martinson & Nibur."   This paper was not produced upon the trial, and the witness stated, in answer to a question as to whether it was signed by Martinson & Nibur, or for the Lafayette Amusement Company, that he was "pretty certain" it was Martinson & Nibur.   It was also established by the evidence that the defendant Martinson was around the building every day, and was present when the carpet was delivered at the theater, and gave directions to the workmen who were laying it.

Benjamin Nibur was the manager of the theater, and it was not shown that he had any connection with the partnership, or had ever acted for it, or was ever authorized to act for it.   There is no evidence that indicates or warrants the inference that the purchase of the merchandise was on the behalf of the partnership.   The business of the partnership was in no way connected with the theater of which the defendant Martinson was the lessee, and the salesman who took the order stated that he always supposed that Benjamin Nibur was of the firm of Martinson & Nibur, and never had anything told to him to the contrary.   As stated in Union National Bank v. Underhill, 102 N. Y. 336, 339, 7 N. E. 293, 294:

"Each member of a firm is the general agent of the firm in relation to all the business of the firm, and can bind the firm in what he says and does in such business.  But when one partner has a transaction with a third person, which is neither apparently nor really within the scope of the partnership business, the partnership is not bound by his declarations or acts in the transaction.  He cannot by his declarations make that a partnership transaction which does not appear to be such, and which is apparently and really an individual transaction.  In such a case the third person has notice that the

transaction is outside of the partnership business and he cannot rely upon the partnership credit."

The motion to dismiss the complaint as to the defendant Nibur, which was made at the end of the plaintiff's case and renewed at the end of the entire case, should have been granted. The finding of the jury as against the defendant Martinson was fully justified by the evidence, and the judgment against him should be affirmed. Alaska Banking & Safe Deposit Co. v. Van Wyck, 146 App. Div. 5, 9, 130 N. Y. Supp. 563; McIntosh v. Ensign, 28 N. Y. 169.

The judgment appealed from, therefore, must be reversed, with costs, as to the defendant Nibur, and the complaint dismissed as to him, with costs, and affirmed, with costs, as to the defendant Martinson. All concur.