### S. L. SNYDER CO., Inc., v. ABRAMS.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

PARTNERSHIP ⬤⟶162—UNDISCLOSED PARTNERSHIP—LIABILITY OF AGENT.

Where a partner makes a contract as an individual without disclosing his partnership and the other party does not know of it, he cannot, when sued on the contract, relieve himself from individual liability and shift the liability to the firm by disclosing the partnership at the time of trial.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 296–299; Dec. Dig. ⬤⟶162.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the S. L. Snyder Company, Incorporated, against Milton Abrams. From a judgment of the Municipal Court in favor of the

---

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendant, and denial of a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Louis Rosenberg, of New York City, for appellant.

WHITAKER, J. Plaintiff sued to recover for work, labor, and services performed by plaintiff's assignor for the defendant. The undisputed testimony shows that plaintiff's assignor made the contract to perform the services, if one was made, with the defendant alone, who did not disclose at the time that he was a member of a copartnership, and that plaintiff was not aware of that fact until the time of the trial. When it so appeared the trial justice dismissed the complaint upon the merits.

This was error. It is not sufficient to relieve a party who makes a contract from individual liability, and to shift the liability upon a firm, unless the proof shows the existence of such firm at the time of the making of the contract and knowledge thereof on the part of the plaintiff. The contract in this case was made with the defendant individually, without knowledge of the existence of the copartnership of which the defendant claimed to be a member. Moreover, section 27, subdivision 2, of the Municipal Court Code (Laws 1915, c. 279), provides that:

"No action shall be defeated by the nonjoinder or misjoinder of parties. The names of new parties may be added and the names of parties misjoined may be struck out, by order of the court, at any stage of the case and upon such terms as justice may require."

It has also been held that the right of a defendant to have partners joined upon a partnership liability is waived unless taken by answer or demurrer (Alaska Banking & Safe Deposit Co. v. Van Wyck, 146 App. Div. 5, 130 N. Y. Supp. 563), now by motion under section 88 of the Municipal Court Code.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.