(19 App. Div. 407.)

### GEDNEY v. GEDNEY et al.

(Supreme Court, Appellate Division, First Department. July 2, 1897.)

1. TENANTS IN COMMON—LIABILITY FOR REPAIRS.

When tenants in common agree between themselves to make repairs to the common property for the benefit of a lessee, and such repairs are afterwards made and paid for by one of the tenants in common, he is entitled to charge a proportionate share of the expense to his co-tenant, although, as between them and the lessee, they were not bound to make the repairs.

2. JUDGMENT—RES JUDICATA.

A person having two independent claims against the estate of a decedent is not bound to unite them in one action or proceeding, and the fact that judgment has been rendered against such estate upon one claim is not a bar to a subsequent claim by the same person, unless it is shown by the representative of the estate that the second claim is directly connected with the former one, and naturally a part of it.

3. TENANTS IN COMMON—RIGHTS AND LIABILITIES.

When a tenant in common of one-half of real property agrees with the representative of the remaining interests that each shall collect half of the rents of the property, but one collects more than the other, the latter is entitled to recover half the excess.

Appeal from judgment on report of referee.

Action by Sarah A. Gedney, individually and as trustee, against Alfred W. Gedney and others. Judgment for plaintiff, and defendant Luiz A. Da Cunha, as executor of Charles Gedney, appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

E. H. Benn, for appellant.

Charles A. Deshon, for respondents.

INGRAHAM, J. This action is for an accounting between the plaintiff, as executor of Charles Gedney, deceased, and William H. Gedney, who were tenants in common of certain property in the city of New York. William H. Gedney died subsequent to the entry of judgment. His executors were substituted in his place as defendants. The accounting was ordered to be taken before a referee, who has reported in favor of the estate of William H. Gedney against Luiz Da Cunha, as executor of Charles Gedney, for upward of $14,000. The appellant objects to three items allowed by the referee to William H. Gedney. We will dispose of these objections in the order in which they are discussed by the referee.

The first is for an allowance to William H. Gedney for the sum expended by him for repairs to the hotel while it was in possession of certain tenants, on the ground that under the lease the tenants were bound to make such repairs, and that one of the owners had no right to make them and charge the amount paid therefor against the rent of the property. We think the referee was clearly right in this allowance. William H. Gedney, who was examined as a witness before the referee, testified that before these repairs were made the tenants claimed that they were not making any money, and, as there was then to be some painting done on the property, "my brother and I agreed that we would pay one-half of the amount of certain painting. After he died that painting was done." Thus, although the tenant was, as between the landlord and himself, to do these repairs, if for any reason it was for the interest of the landlord to do them, and the owners of the property, as between themselves, agreed that they should be done by the landlord, there was no reason why the amount actually paid should not be a credit in favor of the party making such payment. The testimony as to the agreement between Charles and William, the two owners of the property at the time, was not objected to, and was not contradicted; and, the referee having believed it and given effect to the agreement, we would not be justified in reversing his decision. The other repairs, except the painting, seem to be fairly within the obligation of the landlord, as against the tenant, and we think the referee was justified in allowing them.

The next question is as to the claim of William H. Gedney, which was allowed, for one-half of certain rents collected and received by Charles Gedney during his lifetime. The objection to this allowance by the appellant is that any recovery is barred by the former claim made by William against the estate of Charles, the correctness of which was disputed, and which was referred to a referee, who allowed to William a sum of upward of $11,000 against the estate, upon which judgment was entered and subsequently paid. The record of that proceeding is not before us. All that appears is that by a stipulation between the parties it is admitted that William H. Gedney presented a claim against the estate of Charles Gedney, which, being disputed, was duly referred to a referee, who reported that the defendant William H. Gedney was entitled to judgment against the executors of Charles Gedney for upward of $9,000, with interest. Some questions were asked of William, when called as a

witness, as to this claim, and he called it a claim against his brother's estate for money paid prior to his death. There is nothing stated in the stipulation as to the foundation of this claim of William against the estate of Charles, and neither from the stipulation nor the evidence does it appear that the question involved upon the trial of that claim was the amount of rents of this property which Charles had collected during his lifetime, and which really belonged to William. It is conceded that Charles during his lifetime did receive rents to the amount of $1,704.76, for which his estate has never accounted to William; and, if the estate of Charles seeks to avoid the payment of this claim upon the ground that its enforcement is barred by the former adjudication, the burden is upon such estate to show that in the former proceeding, or in the adjudication therein, the question either was or could have been actually determined. I suppose a person having two independent claims against an estate is no more bound to unite both of them in one action or proceeding than he is bound to unite two independent demands against an individual in one action. It is only where the claim is of such a nature that it is directly connected with the demand sued on, and naturally a part of it, that a bar exists. The burden was upon the defendant to show this fact, and we think there is nothing in the record to show that the claim presented against the estate involved the amount of rents that Charles had collected during his lifetime, and for which his estate should account to William.

The third question presented is upon the allowance by the referee of one-half of the excess of rents collected by Da Cunha from July 1, 1890, to November 1, 1893, over and above the amount collected by William H. Gedney. It seems that after the death of Charles Gedney those in whom his interest in this estate had vested appointed Da Cunha, who was the acting executor of Charles Gedney, their agent to receive the rents, issues, and profits of this real estate. He was thus entitled, as attorney in fact of the heirs and devisees of Charles Gedney, or as executor of Charles Gedney's estate, to one-half of the rents received from the property in question. Subsequent to that he had a verbal agreement with William H. Gedney by which each was to collect one-half of the rents. Under that agreement both William Gedney and Da Cunha seem to have got as much as they could of the rents, and the result was that Da Cunha succeeded in collecting about $4,130.93 more than William H. Gedney collected. One-half of that amount the referee allowed William Gedney to recover. We think that was clearly right. The agreement was that each should collect one-half of the rents, but there was no agreement that, if one collected more than the half he was entitled to collect, he could have it, as against his co-tenant. There is no evidence as to just how the parties managed each to collect his one-half, or just how they proceeded under this agreement; but it clearly was the intention that each party should collect half the rent, and not that one party should collect the whole rent and subsequently account for it. It was, however, equally clear that, if one party did actually collect more than one-half of the rent actually paid, there was nothing in the agreement which would destroy his

liability to account to the other tenant in common for the proportion that he had collected over the one-half which it was agreed he should collect.

As these are the only questions before us for review, and as we think the referee was right in the disposition that he made of them, the judgment is affirmed, with costs. All concur.