WILLIAM F. MITTENDORF, Respondent, *v.* THE NEW YORK AND
HARLEM RAILROAD COMPANY and THE NEW YORK CENTRAL AND
HUDSON RIVER RAILROAD COMPANY, Appellants.

*Plea of non-joinder — what should be stated in it — a mortgagee, when a proper
party to an abutter's action.*

The defense of non-joinder of parties being a plea in abatement is demurrable
unless it states not only the names of the parties whom it is claimed should be
joined, but in addition that they are alive, within the jurisdiction of the court
and within reach of its process.

*Quære,* whether a mortgagee of property abutting on Park avenue in the city of
New York is a necessary party to an action brought by the owner of such
property to enjoin the maintenance of the railroad structure on that street and
to recover damages.

APPEAL by the defendants, The New York and Harlem Railroad Company and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of November, 1900, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining a demurrer to a defense in the answer.

*Charles C. Paulding,* for the appellants.

*L. M. Berkeley,* for the respondent.

PER CURIAM:

This action is similar to those with which we have become familiar in connection with the elevated railroads, and is brought to obtain an injunction and damages owing to the maintenance of the defendants' viaduct structure in Park avenue. Among other defenses, the defendants pleaded a defect of parties; in that a mortgagee of the plaintiff's premises had not been brought into the action. To this defense the plaintiff demurred; which demurrer was sustained, and from the interlocutory judgment thereon entered the defendants appeal.

A mortgagee is a proper party, but whether or not he is a necessary party is the question sought to be raised. It has been presented at trials, upon motion or in connection with the form of

judgment to be entered, and expressions are to be found in opinions adverse to the contention that a mortgagee is a necessary party in these actions. (*Giordano* v. *Manhattan R. Co.*, 31 N. Y. St. Repr. 135; *Hughes* v. *Metropolitan El. R. Co.*, 130 N. Y. 14, 24.) We have found, however, no case where the question has been directly presented and passed upon. Nor do we think that it is now before us, for the reason that the defense of non-joinder of parties is not properly pleaded. Such a defense, being a plea in abatement, should, as has many times been held, not only state the names of the parties who it is claimed should be joined, but in addition should allege that they are alive, within the jurisdiction of the court, and within reach of its process. The failure here to comply with these requirements of a good plea in abatement rendered the defense sought to be interposed defective; and the demurrer to such defense was, therefore, properly sustained.

The judgment accordingly should be affirmed, with costs, but with leave to the defendants to amend within twenty days on payment of costs in this court and in the court below.

Present—Van Brunt, P. J., Rumsey, O'Brien and McLaughlin, JJ.

Judgment affirmed, with costs, with leave to the defendants to amend within twenty days on payment of costs in this court and in the court below.