(67 App. Div. 143.)

### SMALL v. MULLER et al.

(Supreme Court, Appellate Division, Second Department. December 23, 1901.)

1. BANKRUPTCY—JURISDICTION—SETTING ASIDE BILL OF SALE.

The bankruptcy act of 1898 does not deprive a court of the state of jurisdiction of a suit by a trustee in bankruptcy to set aside a chattel mortgage and bill of sale as fraudulent.

2. SAME—SALE OF PROPERTY.

In a suit by a trustee in bankruptcy to set aside a chattel mortgage and bill of sale as fraudulent, the duties of a receiver appointed before the trial should have been limited to a preservation of the property, and it was error to authorize him to sell the same.

Appeal from special term, Kings county.

Suit by Fenwick B. Small, as trustee in bankruptcy of the estate of William M. Dean & Co., against Conrad Muller, impleaded with Louis G. Muller and others. From an order granting an injunction, and from an order denying a motion for a modification of the injunction, and from an order appointing a receiver and authorizing him to sell the property claimed by the complainant, defendants appeal. Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Lawrence E. Brown, for appellants.

Samuel S. Myers (Ira Leo Bamberger, on the brief), for respondent.

WILLARD BARTLETT, J. This is a suit by a trustee in bankruptcy to set aside a chattel mortgage and bill of sale as fraudulent

and void, and to enjoin the defendants from interfering with the property described in said instruments, or claiming any title thereto at a sale thereof by the plaintiff. A state court is not debarred from jurisdiction in such an action by the provisions of the bankrupt act of 1898. Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175. The objection to the orders under review is that they practically dispose of the litigation in favor of the plaintiff before trial. There is no answer in the appeal book, but there is an affidavit of the defendant Conrad Muller, which puts at issue the allegations of the complaint which the plaintiff must establish to entitle him to the judgment which he asks. The moving papers make out a proper case for the appointment of a receiver pendente lite to take and preserve the property until final judgment. There was no necessity or occasion, however, for ordering a sale prior to the determination of the controversy. See Brush v. Jay, 113 N. Y. 482, 21 N. E. 184. It is not a justification for taking away and selling a man's possessions under such circumstances to tell him that he may assert his claim against the proceeds just as well as against the property.

The order appointing the receiver should be modified by striking out the provision authorizing a sale, and by restricting the powers of the receiver to the preservation of the property pending the action. As thus modified, it should be affirmed, without costs. As the injunction relates solely to the proposed sale, and we think there should be no sale before judgment, the injunction should be dissolved, with costs to the appellant. The appeal from the order refusing to modify the injunction should be dismissed, without costs.

Ordered accordingly. All concur.