## SHANKS v. NATIONAL CASKET CO. et al.

(Supreme Court, Appellate Division, Second Department. June 10, 1904.)

1. BANKRUPTCY—ACTION TO SET ASIDE CHATTEL MORTGAGE—PARTIES.

In an action by a trustee in bankruptcy to set aside an alleged fraudulent chattel mortgage, the fact that the bankrupt had given other chattel mortgages on the same property subsequent to the mortgage in controversy does not make the mortgagees therein necessary parties, where the subsequent mortgages were not filed in compliance with Lien Law, §§ 90–95 (Laws 1897, pp. 536–538, c. 418), declaring such mortgages void as against creditors unless filed as directed therein.

2. SAME.

In an action by a trustee in bankruptcy to set aside an alleged fraudulent chattel mortgage, a so-called separate answer of the bankrupt, alleging that subsequent to the execution of the mortgage in controversy he executed other chattel mortgages on the same property to other persons, and that such persons had not been made parties to the action, is properly considered as a demurrer for a defect of parties.

3. SAME.

In an action by a trustee in bankruptcy to set aside an alleged fraudulent chattel mortgage, persons to whom the bankrupt had subsequently executed other chattel mortgages on the same property are not necessary parties under Code Civ. Proc. § 452, providing that, where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in, where it does not appear that the persons sought to be made parties had anything to do with the alleged fraudulent transaction.

Appeal from Special Term.

Action by Sanders Shanks, as trustee in bankruptcy of the estate of Frank S. Henderson, bankrupt, against the National Casket Company, in which the bankrupt filed an answer. From an interlocutory judgment overruling a demurrer to the bankrupt's separate answer, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Walter Carroll Low, for appellant.

Henry M. Dater, for respondents.

WOODWARD, J. The plaintiff is the trustee in bankruptcy of the defendant Henderson, and this action is brought to recover from the National Casket Company the value of certain property belonging to said bankrupt, taken by said company under a chattel mortgage which plaintiff claims to have been fraudulent and void as against creditors. The answer of the defendant Henderson admits some of the material allegations of the complaint, and denies "each and every other allegation in said complaint contained not hereinbefore specifically admitted or denied." He then sets up as a separate defense that:

"There is a defect of parties defendant herein, in that, subsequent to the making of the chattel mortgage hereinbefore alleged, the defendant, for a good and valuable consideration, made and delivered certain other chattel mortgages to certain other persons, and that in particular on or about the 21st day of December, 1900, the said defendant made and delivered a certain chattel mortgage covering the same chattels, or some of them, as hereinbefore described, to one Margaret F. Dodd, and that all of said subsequent mortgages are prior

to the claim, if any, of the plaintiff herein, and that neither said Margaret F. Dodd, nor any of said persons, have been made parties hereto."

The plaintiff demurred to this so-called defense "on the ground that the same is insufficient in law upon the face thereof." This demurrer has been overruled by the court at Special Term, the plaintiff appealing from the interlocutory judgment entered upon the decision. It does not appear to be necessary at this time to determine a supposed conflict between the cases of Prosser v. Matthiessen, 26 Hun, 527, decided in this department, and Mittendorf v..N. Y. & Harlem R. R. Co., 58 App. Div. 260, 68 N. Y. Supp. 1094, decided in the First Department, upon the question of whether the nonjoinder of parties has been properly pleaded, for, in the view which we take of this case, the defense is, in substance, insufficient. The plaintiff, as the trustee in bankruptcy of the defendant Henderson, brings this action, in effect, to set aside a chattel mortgage, alleged to have been made in fraud of the creditors of the defendant Henderson. This chattel mortgage was originally made and placed on file in the office of the clerk of Kings county on the 29th day of May, 1899, and was kept in force up to and including the date of the foreclosure of such chattel mortgage on the 4th day of November, 1901; and the fact that the defendant Henderson may have given other chattel mortgages to Margaret F. Dodd, and other persons whose names are not mentioned, cannot be a defense. to the charge of fraud in connection with the making and filing of the original chattel mortgage and its subsequent foreclosure. Margaret F. Dodd and the other persons, if they have valid liens upon the chattels, cannot be deprived of·their rights in the present litigation. If the action results in a judgment or decree setting aside the chattel mortgage of 1899, it will serve to make the lien of Margaret F. Dodd and others, creditors of Henderson, superior to their present standing; and, not being parties to the action, the judgment cannot take away .their rights, if they have any. It is true, of course, that the trustee might be interested in having all of these parties brought in. The parties themselves might ask to intervene under the provisions of section 452 of the Code of Civil Procedure. But their absence from the record does not constitute a defense to an action for the fraud alleged in the complaint. The plaintiff, if he succeeds in his action, will merely establish that the original chattel mortgage was fraudulent and void as against the creditors of Henderson. He will, in equity, restore the property to Henderson, relieved of the lien of the defendant the National Casket Company, and then, if Margaret F. Dodd or any one else has a valid, existing lien against the property, the plaintiff will gain no right to the property, except in subordination of the prior liens. But the separate defense alleged does not show that the chattel mortgage given to Margaret F. Dodd or to any other person has been filed, or that any such mortgage has been kept in force by a compliance with the provisions of sections 90 to 95 of the lien law (chapter 418, pp. 536–538, of the Laws of 1897); and, unless this has been done, it is difficult to understand how Margaret F. Dodd, or any other unknown person, could be even a proper party to this action, much less a necessary party. This separate defense is in the nature of a plea in abatement. It says in effect, assuming that the facts are as alleged in the complaint, this action cannot proceed to judgment,

because of·the fact that there is a nonjoinder of parties defendant. In this view of the case, the defense is properly considered as a demurrer, which may be sustained for a defect of parties only upon the grounds that the demurring party has an interest in having the omitted parties joined, or that he is prejudiced by the nonjoinder. Anderton v. Wolf, 41 Hun, 571, 572; Bauer v. Platt, 72 Hun, 326, 25 N. Y. Supp. 426, and authorities there cited. What possible difference can it make to the defendant Henderson whether Margaret F. Dodd is made a party to this action or not? The gravamen of the action is fraud in connection with the original chattel mortgage. That is the only controversy between the plaintiff as trustee in bankruptcy of the defendant Henderson, and the defendants in this action. There is not a word in the separate defense to indicate that Margaret F. Dodd or any of the other persons referred to had anything whatever to do with this alleged fraudulent transaction. This question of fraud may be tried out, and a determination of the controversy between the parties now before the court may be completely disposed of, without the presence of Margaret F. Dodd or any other person; and section 452 of the Code of Civil Procedure provides that:

"The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in."

The phrase "a complete determination of the controversy" has been judicially held to mean "when there are persons not parties whose rights must be ascertained and settled, before the rights of the parties to the suit can be determined." Bauer v. Platt, 72 Hun, 326, 332, 25 N. Y. Supp. 426, 430, and authorities there cited. Clearly, there are no rights of Margaret F. Dodd, assuming that she has a valid, existing lien, which must be ascertained and settled before the question of defendant Henderson's fraud in making the original chattel mortgage can be adjudicated between him and his trustee, and she is not, therefore, a necessary party to this action. This being true, the fact that she is not made a party is not prejudicial to any of the defendants in this action, and it cannot constitute a defense for the defendant Henderson. It follows that the plaintiff's demurrer to the separate defense should have been sustained.

The interlocutory judgment appealed from should be reversed, and the demurrer of plaintiff should be sustained, with costs. All concur.