(107 App. Div. 594.)

## VOLLKOMMER v. FRANK et al.

(Supreme Court, Appellate Division, Second Department.    October 6, 1905.)

1. JURY—RIGHT TO JURY TRIAL—ACTION IN EQUITY.

An action by a trustee in bankruptcy for the vacation of a chattel mortgage given by the bankrupt within four months of the filing of the petition in bankruptcy, as given with intent to hinder, delay, and defraud creditors, is an action in equity, in which defendants are not entitled to a jury trial.

2. BANKRUPTCY—STATE COURTS—JURISDICTION.

Under Bankr. Act July 1, 1898, c. 541, § 67, subd. "e" [U. S. Comp. St. 1901, p. 3451], authorizing the maintenance of a suit to set aside an alleged fraudulent preference given by the bankrupt within four months of the filing of his petition in bankruptcy either in the state or federal courts, a state court had jurisdiction of such an action, though prior to the appointment of the trustee the mortgaged chattels were sold in a bankruptcy proceeding and deposited as a special fund to await the further action of the federal court.

3. SAME—ACTION BY TRUSTEE—PARTIES.

Where, prior to the appointment of a trustee in a bankruptcy proceeding, property covered by a chattel mortgage given less than four months prior to the filing of the bankruptcy petition was sold by a temporary receiver and the proceeds deposited with a trust company as a special fund to await the further action of the federal court, neither the trust company nor the temporary receiver were necessary parties to an action in a state court by the trustee, subsequently appointed, to vacate the mortgage.

Appeal from Special Term, Kings County.

Action by Joseph Vollkommer, Jr., as trustee in bankruptcy of the estate of Joseph Vogt, a bankrupt, against Solon L. Frank and another, doing business under the name of S. L. & S. Frank, impleaded with Jacob Vogt.    From a judgment in favor of plaintiff, defendants Solon and Samuel Frank appeal.    Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Roger Foster, for appellants.

Francis B. Mullen (J. Frank Yawger, on the brief), for respondent.

HIRSCHBERG, P. J.    The judgment appealed from cancels and annuls a chattel mortgage given by the bankrupt to the appellants within four months of the filing of the petition in bankruptcy, on the ground that it was given with intent to hinder, delay, and defraud creditors. The evidence is sufficient to support the judgment.    Many interesting points are ably presented in behalf of the appellants, but I find none which necessitates a reversal.

The action was brought by the trustee in bankruptcy, and as tried was confined to an investigation of the validity of the chattel mortgage. It is to be regarded on this appeal as an action in equity only, and the appellants were not entitled to a jury trial.    Such an action is the proper remedy for the destruction of the voidable lien.    Houghton v. Stiner, 92 App. Div. 171, 87 N. Y. Supp. 10.    Prior to the commencement of the action an order was made in the United States District Court, upon

consent of all parties interested, providing for a sale of the mortgaged chattels and the deposit of the purchase money with a trust company. The order further provided that such deposit should be made "as a special fund, there to await the further order of the court, upon due notice to all creditors who have or may hereafter appear, * * * and that the lien, if any, of the said alleged chattel mortgage of the said S. L. & S. Frank, be transferred to and attached to said special fund or deposit, in lieu of and to the same extent that it attached to the said property hereinbefore directed to be sold." The order was made before the plaintiff's appointment as trustee, while the administration of the bankrupt estate was in charge of a temporary receiver.

The action is within the jurisdiction of the state court. Small v. Muller, 67 App. Div. 143, 73 N. Y. Supp. 667. I do not think the possession of the fund by the federal court deprived the state court of jurisdiction over the question of the validity of the chattel mortgage. The jurisdiction of the state court was originally exclusive, but is now concurrent with that of the federal courts, and the plaintiff was accordingly at liberty to invoke either. Bankr. Act July 1, 1898, c. 541, § 67, subd. "e" [U. S. Comp. St. 1901, p. 3451] 30 Stat. 564. As a necessary incident to the cancellation of the chattel mortgage, the judgment appealed from adjudges that the mortgage is not a lien upon the special fund, but there is nothing beyond that adjudication which in any way interferes with the disposition or control of the fund. The destruction of the lien would have followed the cancellation of the mortgage, without a specific adjudication to that effect.

The trust company and the temporary receiver are not necessary parties to the litigation, and a complete determination of the controversy between the trustee and the appellants could be, and has been, had without their presence. Shanks v. National Casket Co., 95 App. Div. 187, 88 N. Y. Supp. 839.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.