FRANK M. STARBUCK, Trustee of DE GARMO & STARKS, Bankrupts, Respondent, v. ALBERT N. GEBO, Appellant.*

(Saratoga County Court, May, 1908.)

Justices of the peace — Jurisdiction — Actions in equity — To recover illegal preference by bankrupt.

Equity — Nature and grounds of jurisdiction — Distinction between legal and equitable causes of action — Equitable causes of action — To recover illegal preference by bankrupt.

An action by a trustee in bankruptcy to recover from a creditor of the bankrupt the proceeds of the bankrupt's property sold under an execution upon a judgment recovered by the creditor against the bankrupt, on the ground that the creditor thereby acquired an

---

* See Starbuck v. Gebo, 48 Misc. Rep. 333.

illegal preference over other creditors, is an action in equity of which a justice's court has no jurisdiction.

APPEAL from a judgment of a justice's court. The opinion states the case.

James H. Bain, for respondent.

A. & L. Armstrong, for appellant.

ROCKWOOD, J. On July 29, 1903, the defendant, Albert N. Gebo, recovered a judgment in justice's court against De Garmo & Starks, copartners trading at South Glens Falls, N. Y. An execution was issued on the same day and levied upon personal property of the judgment debtors. On August fourth this property was sold and the avails paid over to the defendant, who applied the same upon the judgment debt. On August 17, 1903, De Garmo & Starks filed a voluntary petition in bankruptcy; and, having been duly adjudicated to be bankrupts, the plaintiff, Frank M. Starbuck, was appointed trustee and qualified as such. Thereupon the trustee made a written demand for the proceeds realized by the defendant from the sale of the property of De Garmo & Starks by virtue of the execution, claiming that the defendant, when he caused the property to be sold, well knew that De Garmo & Starks were insolvent and that his action had given him an illegal preference over other creditors. The defendant refused to pay over the proceeds of the sale, and the plaintiff as trustee instituted this action in a justice's court to recover a money judgment for the amount which had been realized from the sale of the property on execution. The plaintiff recovered judgment and defendant appealed to this court for a new trial, urging, as the principal reason for a reversal of the judgment, that the action is in equity and that the justice of the peace was without jurisdiction of the subject-matter involved.

The interesting question is, therefore, presented: Has a justice of the peace jurisdiction of an action brought by a trustee in bankruptcy to recover the proceeds of a preference obtained by a creditor of the bankrupt through the use of legal process?

Section 60 of the National Bankruptcy Act of 1898, as amended, subdivision a, prohibits a person who is insolvent from procuring or suffering a judgment to be entered against himself in favor of any person, if the effect thereof shall be to create a preferential transfer of the bankrupt's property.

Subdivision b of the same section declares such preference to be voidable by the trustee who "may recover the property or the value thereof, and," the section continues, "for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Subdivision b of section 23 provides: "Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section sixty, subdivision b, and section sixty-seven, subdivision c."

Prior to the institution of this action the plaintiff presented his petition to the referee in bankruptcy before whom the bankruptcy proceeding was pending, and procured an order granting leave to said trustee "to bring an action or actions against said Albert N. Gebo to recover the property mentioned in said petition." This order, however, does not specify the court in which the action shall be brought.

By section 70 of the Bankruptcy Act of 1898 the trustee is vested with the title of the bankrupt to his estate, so that in form and effect this action is for money had and received, of which a justice of the peace would ordinarily have jurisdiction.

If the action is in equity then, concededly, the justice of the peace was without jurisdiction; for such officer is not vested with general common-law powers, but has only a limited statutory authority. It is claimed that the courts of this State are not in entire accord upon the subject presented by this appeal; but, from an examination of the authorities, a rule is deducible wholly consonant with prece-

dent and principle. An action by a trustee in bankruptcy to recover the proceeds of cash paid or property delivered to a creditor by an insolvent debtor is an action at law. The aid of equity must be invoked if the bankrupt's original title has been disposed of by deed, bill of sale or other instrument in writing, it being necessary to set aside such adverse cloud upon the title before the rights of the trustee can be asserted. For the same reason the lien of an execution upon personal property must be removed by a court of equity prior to the recovery by a trustee of the proceeds of a sale under such execution. With these principles in mind the cases will be found harmonious, and the expressions of the courts without a substantial difference of opinion. These views were declared by Judge Ray, the author of the amendments of 1903 to the Bankruptcy Act, who, in the late case of Bowman v. Alpha Farms, 18 Am. Bank. Rep. 700, held that an action by a trustee in bankruptcy to set aside a preference might be brought either at law or in equity as the facts justify.

In Stern v. Mayer, 99 App. Div. 427, the bankrupt had made manual delivery of a quantity of merchandise to a creditor, and it was held that an action by the trustee in bankruptcy of the debtor was an action at law.

In Merritt v. Halliday, 107 App. Div. 596, the trustee of a bankrupt sought to recover a sum of money paid over by the bankrupt to a creditor. This was held to be an action at law of which the City Court of Yonkers had jurisdiction.

Coudert v. Jarvis, 114 App. Div. 913, was an action to recover a payment to a creditor, by which the creditor received a preference, made within four months of the bankruptcy. The Appellate Division of the First Department certified to the Court of Appeals this question: "Whether on the facts shown by the record herein the cause of action is one maintainable in equity or at law?"

Which question the Court of Appeals answered, "at law," and affirmed the order. 188 N. Y. 584.

In Cohen v. Small, 120 App. Div. 211, the trustee brought action to recover payments made by the bankrupt to a creditor through an agent; and it was held that this was an

action at law of which the Municipal Court of the city of New York had jurisdiction.

In all of the foregoing cases, which are the most recent declarations of the courts of our State upon the subject, it will be noted that the actions were either to recover for money paid over or property delivered by the bankrupt to a creditor. In no case was it necessary to call upon equity to reform a public record, or set aside a conveyance or other written instrument transferring title. Had such resort to equity been necessary the actions at law could not have been maintained, as a consideration of the following cases will illustrate.

In Houghton v. Stiner, 92 App. Div. 171, an action at law was brought by the trustee to recover the value of a stock of goods alleged to have been transferred by the bankrupt to a creditor in violation of the provisions of the Bankruptcy Act. The Appellate Division of the First Department held that the action was in equity, Judge O'Brien writing: "Another consideration as bearing upon the form of action lies in the fact that it may well be that the transfer from the debtor to the creditor has been evidenced by a deed in writing, if it relates to real estate, or by a bill of sale in writing, if it has reference to personal property. And as these instruments, valid when made, must necessarily be destroyed and set aside, a phase of litigation is presented of which equity has usually assumed jurisdiction. In other words, the muniments of title under which the creditor holds the title to the property may be an obstacle in the way of the trustee in bankruptcy reaching it, and to that end it may in form be necessary, if not in fact, to have the written muniments of title held to be void. Such relief is granted in an action in equity and not in one at law."

Vollkommer v. Frank, 107 App. Div. 594, decides that an action in equity is the proper remedy to be pursued by a trustee in bankruptcy for the cancellation of a chattel mortgage given by a bankrupt, which, under the provisions of the National Bankruptcy Act, is void because given within four months of the filing of the petition in bankruptcy, with intent to hinder, delay and defraud the bankrupt's creditors.

In Dyer v. Kratzenstein, 102 App. Div. 404, the bankrupt had transferred his property by an instrument in writing in a manner contrary to the provisions of the Bankruptcy Act. Justice McLaughlin, writing for the First Department, held: "The payments thus made were not void, but only voidable at the election of the trustee. In order to reach this money * . * * the transfer itself must first be set aside, because Herold did only what it was his duty to do under it. The right of the trustee to attack the transaction is no greater than would be the right of a receiver in proceedings supplementary to execution (Mathews v. Hardt, 79 App. Div. 570), who could not maintain an action at law. (Stephens v. Meriden Britannia Co., 160 N. Y. 178. See, also, McNulty v. Feingold, 12 Am. Bank. Rep. 338.)"

It was further held that, as the action was in equity, the City Court of the city of New York did not have jurisdiction to decide it, and that the complaint was properly dismissed. The Federal courts have adopted similar conclusions.

Pond v. New York Exchange Bank, 10 Am. Bank. Rep. 343, was an action brought by a trustee in bankruptcy to recover the proceeds of an alleged preference given by the bankrupt to a creditor. United States Judge Holt, in an opinion discussing the question of jurisdiction in such an action, wrote: "This suit is analogous to a judgment creditor's suit to set aside a fraudulent conveyance. The original payment when made was valid. It would not have been voidable by the bankrupt; it has only become voidable at the election of the trustee in bankruptcy, in the same manner as a fraudulent conveyance may be set aside by a judgment creditor. The jurisdiction in such cases has always been in equity. Many such suits in equity were brought by trustees in bankruptcy under the act of 1867, for instance: Grant v. National Bank, 97 U. S. 80; Rogers v. Palmer, 102 U. S. 263; Stucky v. Masonic Savings Bank, 108 U. S. 74. See, also, Wall v. Cox, 5 Am. Bank. Rep. 727; Id., 101 Fed. Rep. 403; Parker v. Black, 143 id. 560 (decided in 1906); Off v. Hakes, 142 id. 364."

In the case at bar the issuance of the execution created

a lien upon the personal property levied upon and subsequently sold. Code Civ. Pro., § 1405.

This lien constituted a cloud upon the title similar in its effect to a chattel mortgage. There was no fraud in the rendition of the judgment which was not void, but voidable only at the election of the trustee in bankruptcy. The judgment and the execution upon which it was based became voidable by operation of law. As has been previously shown, the case is not identical with one where the bankrupt had made a payment to his creditor or transferred property to him by manual delivery. Here was a distinct lien to be removed before the title of the trustee could become absolute. To remove this lien required the exercise of equitable jurisdiction which was not vested in the justice of the peace. This conclusion is in a measure to be regretted, because a justice's court, within the limits of its jurisdiction, would afford more prompt and inexpensive relief to a trustee in bankruptcy, seeking to avoid a preferential transfer of small amount, than would a court of record. However, a departure from legal principles is not warranted by consideration of expense and convenience.

It is fully apparent from the facts that the defendant Gebo had such knowledge of the financial condition of De Garmo & Starks as induced a reasonable belief of their insolvency at the time of the levy upon and sale of their property pursuant to the execution. Were the facts alone to be considered judgment should be directed for the plaintiff. I am convinced, however, that the plaintiff has mistaken his forum; that this action should have been brought in a court of record, and that the justice of the peace was wholly without jurisdiction to render judgment. For which reason the judgment is reversed and judgment directed for the defendant, with costs.

Judgment reversed and judgment directed for the defendant, with costs.