### MAEKOTTER v. MAEKOTTER.

(Supreme Court, Special Term, Kings County. November 21, 1911.)

1. HUSBAND AND WIFE (§ 14*)—TENANCY BY THE ENTIRETY.
   Tenants by the entirety are, during their joint lives, considered tenants in common, each entitled to half the rents and income.
   [Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 14.*]

2. TENANCY IN COMMON (§ 37*)—EQUITABLE JURISDICTION—TENANTS IN COMMON.
   Equity has jurisdiction of an action of accounting between tenants in common, even though it be concurrent with that of a court of law, or an action for money had and received be maintainable.
   [Ed. Note.—For other cases, see Tenancy in Common, Dec. Dig. § 37.*]

3. EQUITY (§ 53*)—JURISDICTION—ADEQUATE REMEDY AT LAW—WAIVER BY FAILURE TO PLEAD.
   Equity having concurrent jurisdiction with a court of law over an action of accounting between tenants in common, defendant, by not pleading it, waives the defense that an adequate remedy at law exists.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 173–176; Dec. Dig. § 53.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Theodore Maekotter against Barbetta Maekotter. Defendant moves to dismiss. Motion denied.

Williams & Richardson, for plaintiff.

Greenthal & Greenthal, for defendant.

CRANE, J. The complaint in this action alleges that the plaintiff and the defendant are tenants in common of property described therein, and that the defendant, having collected the rents for a number of years, refuses to account to the plaintiff therefor. The answer of the defendant sets forth a statement of the amounts collected and paid out by her, and alleges that the plaintiff has also collected rents for which he refuses to account, and she unites with the plaintiff in requesting this court to take and state the accounts of the parties. The cause coming up for trial at the Special Term, at which place both parties had noticed it for trial, the defendant moved for a dismissal of the complaint, as it appears on the face thereof that the plaintiff has an adequate remedy at law.

[1] It was conceded by both parties on the argument that the plaintiff and defendant are tenants by the entirety of the property in question; but this does not affect the result, as they are considered as tenants in common during the lifetime of both, and each is entitled to one-half the rents and income. Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762.

[2] The defendant bases her motion upon the authority of Niehaus v. Niehaus, 141 App. Div. 251, 125 N. Y. Supp. 1071. Upon demurrer to a complaint similar to this, it was held that equity had no jurisdiction, as an action for money had and received could have been brought at law. I cannot follow this authority, as it appears to me that the Court of Appeals as well as the Appellate Division have held just the contrary. Messing v. Messing, 64 App. Div. 125, 71 N. Y. Supp. 717, decided that an estate by the entirety could not be partitioned, but that one tenant could demand an accounting from the other tenant, who had received all the rents, and that this accounting was not an incident to the right to partition, but constituted a separate and independent cause of action, of which equity would retain control. The case of Gedney v. Gedney, 19 App. Div. 407, 46 N. Y. Supp. 590 (First Department), was an action for an accounting between tenants in common of property in the city of New York. It was there stated:

"It was, however, equally clear that, if one party had actually collected more than one-half the rent actually paid, there was nothing in the agreement which would destroy his liability to account to the other tenant in common for the proportion that he had collected over the one-half which it was agreed he should collect."

When this action came up for trial, it was sent to a referee, and it was his decision which was affirmed by the Appellate Division. On appeal to the Court of Appeals the matter was again affirmed. 160 N. Y. 471, 55 N. E. 1. Judge Gray, writing for that court, begins his opinion with the statement that in this action it was sought to have an accounting between two brothers, who were owners by tenancy in common. Likewise the case of Myers v. Bolton, 89 Hun, 342, 35 N. Y. Supp. 577, was an action for accounting between tenants in com-

mon. On the trial the defendants moved, as in this case, that the complaint be dismissed, as the case was legal and not equitable; but in the opinion of the Appellate Division it is stated that the defendants are liable to account to their cotenants upon the principles applicable to cases between tenants in common. This case was affirmed in the Court of Appeals (157 N. Y. 393, 52 N. E. 114), in so far as this point is concerned.

It is quite evident, therefore, that in this state equity has assumed jurisdiction over actions of accounting between tenants in common, and has such jurisdiction even though it be concurrent with a court of law, or an action for money had and received be maintainable. 4 Kent's Com. (6th Ed.) 359, note. In view of the accountings maintainable between tenants in common, as indicated by the above cases, it certainly cannot be claimed that equity has no jurisdiction over such actions.

[3] If, therefore, equity has concurrent jurisdiction with a court of law over the action of accounting between tenants in common, the defendant has waived her defense that an adequate remedy exists at law, as she has not pleaded it. Ketchum v. Depew, 81 Hun, 278, 30 N. Y. Supp. 794; Grandin v. Le Roy, 2 Paige, 509. It will be noticed that the Niehaus Case passed upon a demurrer to the complaint.

The conclusion, therefore, is that this motion must be denied, and the case proceed to trial. Following the suggestion made at the hearing, counsel may restore this case for the week commencing November 27th, or such other time as they may stipulate.