LADNER v. RIEGER et al.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

TENANCY IN COMMON (§ 37*)—ACCOUNTING.

An accounting between tenants in common should cover the entire
period of the common ownership for which no accounting has been had.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. § 106;
Dec. Dig. § 37.*]

Appeal from Special Term, New York County.

Action by Rose Ladner against Louis Rieger and others. From an
interlocutory judgment with notice of intention to bring up for review
an order of the justice making the decision on which the interlocutory
judgment was entered, setting aside a former decision upon which a
former interlocutory judgment was entered, defendants appeal. Af-
firmed as modified.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, DOWLING, and HOTCHKISS, JJ.

Jacob Rieger, of New York City, for appellants.
Herman Gottlieb, of New York City, for respondent.

LAUGHLIN, J. The record neither contains the decision to which
the notice of appeal refers as having been made on the 3d day of Feb-
ruary, 1913, nor the interlocutory judgment said to have been entered
thereon; nor does it contain any order which purports to set aside that
decision. It does contain the interlocutory judgment from which the
appeal is taken and the decision on which the same was entered. It
also contained an order reciting a decision and interlocutory judgment
of February 3, 1913, that the trial justice inadvertently refused to find
plaintiff's fourth proposed finding of fact, which was supported by the
evidence, and owing to that error refused to find the second conclu-
sion of law "in its entirety" as proposed by plaintiff, and the third con-
clusion of law proposed by the plaintiff, both of which conclusions of
law were proper, and that the findings and conclusions made at the re-
quest of the defendants under date of February 3, 1913, contrary to
the findings and conclusions proposed by the plaintiff, were made ow-
ing to "a misconception of the pleadings," and that the proposed find-
ings of fact and conclusions of law submitted by the plaintiff were
proper, and that the second and third conclusions of law submitted on
behalf of defendants were neither supported by the evidence nor in
conformity with the pleadings, and vacating the interlocutory judg-
ment signed on the 3d day of February, 1913.

The action is for an accounting by tenants in common concerning
rents, issues, and profits alleged to have been received by them for six
consecutive specified months commencing with January, 1912. The
plaintiff in her complaint failed to allege when the tenancy in common
commenced; but according to the evidence, which is in the record and
uncontroverted, the plaintiff showed that the tenancy in common com-
menced on the 19th day of September, 1910, and on findings proposed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the defendants and dated January 27, 1913, the trial court found that the parties have been tenants in common since the 20th day of September, 1910, which is the date the deed to the plaintiff was recorded. It is possible that, by the order to which reference has been made, the trial justice intended to annul this finding, but if so, as has been seen, the order did not accomplish the purpose. Moreover, that is immaterial, since the evidence is uncontroverted as to the time when the parties became tenants in common.

The only point to the controversy presented by the appeal is whether the defendants should be required to account for the entire period the parties have owned the premises in common, or only for the six months specified in the complaint. By the second and third conclusions of law, which were made at the request of the defendants and which it was intended by the order to annul, the court directed an accounting from the commencement of the period of ownership in common, and directed that the defendants be credited with any and all sums of money disbursed or expended by them or either of them in and for the maintenance, care, and preservation of the property. We are of opinion that these conclusions of law were proper, and, without passing upon the authority of the court on motion to annul them, we are of opinion that on the merits they should not have been annulled. Manifestly an accounting, as between tenants in common, should cover the entire period of the common ownership for which no accounting has been had.

It follows, therefore, that the decision upon which the interlocutory· judgment, from which the appeal is taken, was entered should be modified by inserting, as an additional finding numbered "eighth," the third finding of fact as found by the trial justice in the proposed findings of fact and conclusions of law submitted January 27, 1913, by the defendants, and by substituting for the conclusions of law the conclusions of law contained in said proposed findings of fact and conclusions of law dated January 27, 1913, submitted by the defendants; and the interlocutory judgment should be modified to conform to the conclusions of law in the decision as thus amended, and as thus modified affirmed, with costs of the appeal to appellants to be inserted in the final judgment. All concur.