LIONEL HAGENAERS and ARMAND BATTA, Partners Doing Business under the Firm Name of LIONEL HAGENAERS & Co., Appellants, Respondents, *v.* LUCAS CABALLERO and Others, Individually and as Surviving Partners of the Firm of CABALLERO HERMANOS, Respondents, Impleaded with JULIO C. CABALLERO, Respondent, Appellant.

First Department, March 4, 1921.

Pleadings — action to recover money paid in honoring drafts — demurrer to defense based on foreign laws properly overruled — demurrer to defense of usury sustained — demurrer to defense to two causes of action sustained where defense partial — demurrer to counterclaim sustained — demurrer to defense of lack of parties sustained.

In an action based upon a *quasi* contract for the repayment of money paid at the city of New York at the request of the defendants in honoring their drafts, one of the defenses alleged facts showing a course of dealing with parties of a foreign country and that the drafts had been carried into a current account. The defense further alleged that the rights of the parties should be determined by the laws of the foreign country. *Held,* that a demurrer to such defense was properly overruled.

A demurrer to an answer setting up usury is properly sustained where the allegations do not show that the contract was made in the State of New York, or in fact where it was made.

A demurrer is properly sustained which is directed to an answer setting up matters which are a defense to two causes of action, one brought for reimbursement of money paid and the other on an account stated, and which also sets up a counterclaim, where such defense is at best partial.

A counterclaim in which the defendant asks for an accounting upon an allegation that non-resident third parties have failed to account to the defendant for securities and merchandise forwarded to them would in effect be an equitable counterclaim, the allowance of which would require the presence of persons not parties to the action, and a demurrer thereto is properly sustained.

A demurrer to a defense based on the theory that there is a lack of parties plaintiff is properly sustained where it is not alleged that the additional parties are within the jurisdiction of the court.

APPEAL by the plaintiffs, Lionel Hagenaers and another, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of June, 1920, as overrules their demurrer to the first separate and distinct defense to the first cause of action alleged in the complaint, and the demurrer to the separate and distinct defense to both the first and second causes of action embodied in paragraphs XXI and XXII of the amended answer.

Appeal by the defendant, Julio C. Caballero, from so much of said order as sustained the demurrers interposed by plaintiff to the second separate and distinct defense to both causes of action, alleged in paragraphs XXIII to XXVII, inclusive, of the amended answer and to the counterclaim contained in the same paragraphs of the amended answer and under which it also sustained the demurrer to the third separate and distinct defense to the first and second causes of action contained in paragraphs XXVIII and XXIX.

*Clarence DeWitt Rogers* of counsel [*William R. Brinckerhoff*, attorney], for the plaintiffs.

*John Patrick Walsh* of counsel [*Walsh & Young*, attorneys], for the defendant Julio C. Caballero.

GREENBAUM, J.:

The first cause of action is based upon a quasi contract for the repayment of money paid at the city of New York at the request of the defendants in honoring their drafts, there being no funds in the hands of the drawees. The defense

after alleging a course of business that had arisen between the defendants, of Colombia, South America, as exporters, and Pinto, Leite & Nephews of London, England, and Lionel Hagenaers & Co., assignors, as factors and bankers, alleges as follows:

" XIV. * * * That upon and after the cancellation of the mortgages mentioned in paragraph XIII of this answer, a course of business in respect to current account, drafts and produce, which had theretofore become established between Caballero Hermanos, Pinto, Leite and Nephews, and Lionel Hagenaers & Co. was continued between the same parties to a time later than November 18th, 1912; and that the drafts which are described by numbers and amounts in the list marked Exhibit 4 and attached to the complaint herein are only a part of the drafts which were drawn during the period commencing September 1st, 1911, and ending November 18th, 1912, and that all of them, as well as many other drafts which are not included in said Exhibit 4 * * * were carried into the current account * * * and * * * were included in and charged against the defendants in this action and Carlos A. Caballero upon statements of ₊said current account rendered to them by the aforesaid firm of Lionel Hagenaers & Co.; * * * that there was no formal reservation of rights by the plaintiffs or Pinto, Leite and Nephews or Lionel Hagenaers & Co. when the said drafts were included in the said account current."

The defense then alleges that the rights of the parties were determinable under the laws of the Republic of Colombia which are set forth in the Spanish language and translated into English as follows:

" Art. 735. The admission into current account of amounts previously due from one of the contracting parties to the other, however arising, produces a novation, unless the creditor or the debtor, when giving consent to their being put in current account, makes a formal reservation of his rights. Without an express reservation having been made, the admission of an amount into current account is presumed to have been made entirely and absolutely. The novation extinguishes in some cases the right of a third party to regain possession of values which have been passed into current account.

" Art. 736. Values transmitted and received in current account are not applicable to the partial payment of items that are included in the account, nor are they recoverable during the running of the account."

Plaintiffs, appellants, claim, however, that the cause of action is not upon the drafts, but upon the quasi contract for reimbursement for moneys paid at the request of the defendants by their drafts, and that the rights of the parties must be determined by the law of the place where the payment was made, to wit, New York. We are inclined to think that the court was right in overruling this demurrer inasmuch as we must assume that there was a current account between the parties in which these items were included and that the parties acted under an ' agreement which was made in Colombia. Under such circumstances the rights of the parties should be reserved for the consideration of the trial court, which after the evidence is all in, would be in a position to determine whether the alleged contract is to be interpreted under the laws of Colombia or those of this State.

With respect to the demurrer to the defense in paragraphs XXI and XXII of the answer which purports to set up the plea of usury under the laws of this State, it would be sufficient to say that the allegations do not show that the contract was made in New York. Indeed it does not allege where the contract was made. The defense of usury should set forth the agreement upon which the alleged usury is predicated and where the agreement was made. We are of the opinion that the learned Special Term justice erred in overruling the demurrer to this defense and that it should have been sustained.

As to the appeal of the defendant, we are of the opinion that the court properly sustained the demurrer to the defense alleged in paragraphs XXIII *et seq.* That defense set up that there were errors in the account stated, pleaded in the second cause of action. The defense, however, is a defense to both causes · of action, and it also sets up a counterclaim on the same state of facts. It is difficult to see how the facts pleaded in those paragraphs would be a defense to the first cause of action which is brought for reimbursement of moneys paid. The plaintiffs are limited to proof on that issue. If they fail they cannot recover. If the claim comes within the Colom-

bian law applicable to accounts current, which is contained in a previous defense, the plaintiffs cannot recover. The second cause of action is on an account stated. If defendant seeks to attack such an account it would be necessary to surcharge and falsify it by alleging the incorrect items thereof. Besides, such a defense would be a partial and not a complete defense as set up by the defendants.

We are also of the opinion that the court properly sustained the demurrer to the counterclaim alleged in the paragraphs which have just been considered. As a counterclaim defendant asks for an accounting upon the allegation that Pinto, Leite & Nephews have failed and neglected to truly account to the defendants for the disposition of merchandise and securities forwarded to them as therein alleged. This would be allowing an equitable counterclaim which would require the presence of persons who are not parties to this action. Before that may be done it would be necessary to bring an independent action citing all the parties in interest in the transaction, who are obliged to account.

There only remains to consider the demurrer to the defense alleged in paragraphs XXVIII *et seq.* This defense is based upon the theory that there is a lack of parties plaintiff. The difficulty with such a defense is that it is not alleged that the additional parties are within the jurisdiction of the court. These additional parties are Pinto, Leite and Nephews, who are described in the papers as being residents of England. It has been held in *Mittendorf* v. *N. Y. & H. R. R. Co.* (58 App. Div. 260) that it must appear that the additional parties are within the jurisdiction of the court, otherwise the plea is of no value.

We are inclined to think that the court was right in sustaining the demurrer.

It follows that so far as defendant's appeal is concerned the order should be affirmed, with ten dollars costs and disbursements. As to the plaintiffs' appeal the order should be reversed by sustaining the demurrer to the defense contained in paragraphs XXI and XXII of the amended answer and in other respects affirmed, without costs to either party, with leave to plaintiffs to withdraw demurrer to the first defense to the first cause of action, contained in paragraphs IX to XV,

inclusive, of the amended answer, within twenty days from service of the order to be entered hereon with notice of entry thereof.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

On defendant's appeal, order so far as appealed from affirmed, with ten dollars costs and disbursements to plaintiffs. On plaintiffs' appeal, order reversed so far as indicated in opinion and in other respects affirmed, without costs, with leave to plaintiffs to withdraw demurrer as indicated in opinion.