HARRIET G. KEENE et al., Respondents, v. FRANK R. CHAMBERS, Individually and as Surviving Partner of ROGERS PEET & Co. OF NEW YORK CITY, et al., Appellants.

(Argued May 18, 1936; decided July 8, 1936.)

*Ezra P. Prentice* and *Charles S. Reilly* for appellants.

*Walter A. Lynch* and *Jerome Weinstein* for respondents.

CRANE, Ch. J. This is an action for rent, taxes and other sums due under a lease of certain premises situate in Chicago, Ill. The defendants assumed the tenant's obligations under the lease. The rent and taxes for which suit is brought became due and payable at various dates between July 10, 1930, and September 1, 1935. The amount due exceeds $130,000.

The plaintiffs are and at all times since December 10, 1930, have been the owners of a joint life estate in an undivided one-half interest in the leased premises. The lease was made April 19, 1890, by James E. Baker and James E. Baker, Jr., to Frederick M. Atwood, for a period of ninety-nine years. The lease and all its obligations were subsequently assigned to and assumed by these defendants. The fee of the property became vested in James E. Baker, Jr., and Caroline B. Kuehn, who were thereafter owners of an undivided half interest each in the leased premises. The interest of Caroline B. Kuehn passed upon her death to the plaintiffs Harriet G. Keene and Erwin F. Keene during the terms of their natural lives, while those of James E. Baker, Jr., through various mesne deeds and conveyances, passed to the Chicago Title and Trust Company, subject to the life estate of Bertha Kline Baker. The latter, by assignment dated April 24, 1935, assigned and transferred to the Chicago Title and Trust Company all her right, title and interest in and to the provisions of the lease herein mentioned and all the moneys due thereon.

For the purposes of this appeal we find that the plaintiffs are the owners of a joint life estate in an undivided one-half interest in the leased premises. Bertha Kline Baker is vested with a life estate in the remaining half. All her interest in the rents under the lease and income therefrom she has transferred to the Chicago Title and Trust Company. At the beginning of this action, therefore, the plaintiffs and the Chicago Title and Trust Company were in effect the lessors, entitled to the rents under the lease and all the rights for the enforcement of taxes and other amounts due.

The Chicago Title and Trust Company is an Illinois corporation over which the State of New York has no jurisdiction. The defendants are residents of New York State, over whom the courts of Illinois have no jurisdiction. The plaintiffs have brought this action for the rent and taxes, with interest thereon, but have not joined either as plaintiff or defendant the Chicago Title and Trust Company. The plaintiffs requested this company to join with them in this action but the request was refused. The defendants made a motion to compel the plaintiffs to join the Chicago Title and Trust Company as a party, which motion was denied. The Appellate Division affirmed the order, certifying, however, to this court the following two questions:

" 1. Is Chicago Title and Trust Company a necessary party to this action?

" 2. Should plaintiffs be required to join Chicago Title and Trust Company as a party defendant, although it is without the jurisdiction of the Supreme Court of the State of New York and refuses to join? "

We answer both these questions in the negative.

Section 194 of the Civil Practice Act is as follows:

" § 194. Joinder of parties in interest. Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants except as otherwise expressly prescribed in this act. If the consent of any one who

should be joined as a plaintiff cannot be obtained he may be made a defendant, the reason therefor being stated in the complaint."

If this section applies to the plaintiffs' situation they are barred completely from any remedy and are unable to enforce defendants' obligations under the lease. The plaintiffs cannot sue in Illinois, where the real property is, as the defendants are not residents of that State. The State of New York has no jurisdiction over the Chicago Title and Trust Company, and an order to bring it in and make it a party in this action would be futile and meaningless. It is apparent, therefore, that this section of the Civil Practice Act has limitations and must be interpreted so as to direct an enforceable act. To command a party to be brought in where there is no process to bring him in and no jurisdiction over him lacks sense. Parties who are united in interest must be joined as plaintiffs or be brought into the action as defendants, pursuant to this section 194 of the Civil Practice Act, where they are within the jurisdiction of the court, so that the judgment may effectually bind them. Where any of such parties are without the State, and cannot be served or brought into the action effectually, they need not be parties, and an order would be improperly granted which directed that they be made parties. This is the interpretation which the courts have given to this section and which we approve. *Hagenaers* v. *Caballero* (195 App. Div. 580); *Mittendorf* v. *N. Y. & Harlem R. R. Co.* (58 App. Div. 260); *Hawley* v. *Cramer* (4 Cow. 717); *Peck* v. *McLean* (36 Minn. 228) have ruled the same way. The law has been stated in Ruling Case Law (Vol. 7, § 110, p. 910) as follows: " Likewise, one tenant in common of personal property may separately maintain an action for a wrong done to it, if his cotenants refuse to join with him as plaintiffs, and they are nonresidents of and are without the state."

If the plaintiffs collect the entire rent they must of course account to their cotenant for the latter's share.

(*Gedney* v. *Gedney*, 19 App. Div. 407; affd., 160 N. Y. 471; *Ladner* v. *Rieger*, 160 App. Div. 695.)

The order appealed from should be affirmed, with costs, and the questions certified answered in the negative.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order affirmed, etc.