LEONARDO SPECIALE, Respondent, v. ANGELINA SCIASCIA and Another, Defendants; FRANCESCO MANZELLA and SADIE BASIRICO, Appellants.— Appeal from an interlocutory judgment of partition. Judgment reversed on the law and the facts, motion to confirm the referee's report denied, and a new trial granted, with costs to appellants to abide the event. The claim for permanent improvements alleged to have been made by the plaintiff at his own expense was not within

the purview of the order of reference and the finding of the referee in regard thereto has no binding force. (*Savage* v. *Sherman*, 87 N. Y. 277, 286; *Brooklyn Heights R. R. Co.* v. *Brooklyn City R. R. Co.*, 151 App. Div. 465, 502.) It is conceded that the plaintiff rendered quarter-annual accounts to his co-owners from 1929 until March 31, 1939. The order of reference directed the referee to take proof of the rents collected by the plaintiff and to make and state an account between the parties to the action. Under this order, the accounting should not go beyond the date of settlement of the last account. (*Ladner* v. *Rieger*, 160 App. Div. 695.) The complaint is also defective in that after the death of one of the tenants in common while the action was pending, the complaint was not amended to comply with section 1019 of the Civil Practice Act, nor were the People of the State of New York made parties as required by section 259 of said act. As the complaint has to be amended, we call attention to the fact that the Statute of Limitations was not properly pleaded. This statute may be a defense unless it be found that the defendants are estopped by their conduct. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.