■ ALAN F. McHENRY, Appellant, v SIGMUND KRAMER, Respondent.—Order, Supreme Court, New York County, entered December 13, 1976, is unanimously modified, on the law, and in the exercise of discretion, to the extent of striking all decretal paragraphs, except the third decretal paragraph which directs the amendment of the summons and complaint by adding the name of Pia Chelwood as a party defendant, and directing that either party may serve said Pia Chelwood if such party is able to and wishes

to do so, but if said Pia Chelwood is not served, the action shall proceed without her, and, as so modified, the order is affirmed, with $60 costs and disbursements of this appeal to plaintiff. The action is for rent. Plaintiff is one of two tenants in common who own the rented property; Pia Chelwood is the other owner. In such circumstances Pia Chelwood should be joined as a party, either as plaintiff if she will join as plaintiff, or as defendant if she will not join as plaintiff and if she is amenable to service. But Special Term directed plaintiff to serve said additional party. However, said additional party, Pia Chelwood, is not a resident of New York but apparently of either England or Switzerland and it is extremely doubtful whether she can be served by process issued out of the courts of New York. In the extremely similar case of *Keane v Chambers* (271 NY 326, 330), the Court of Appeals said: "To command a party to be brought in where there is no process to bring him in and no jurisdiction over him lacks sense. Parties who are united in interest must be joined as plaintiffs or be brought into the action as defendants, pursuant to this section 194 of the Civil Practice Act, where they are within the jurisdiction of the court, so that the judgment may effectually bind them. Where any of such parties are without the State, and cannot be served or brought into the action effectually, they need not be parties, and an order would be improperly granted which directed that they be made parties." However, as defendant contends that said Pia Chelwood may be amenable to service by process issued out of the New York State courts, and indeed, defendant wishes to assert a counterclaim against said Pia Chelwood, we permit her name to be added as a party so that either party may serve her if they wish to do so and can do so. If she is not served, however, the action can continue without her. Concur—Silverman, J. P., Fein, Lane, Sandler and Sullivan, JJ.