STEVE SHARKANY, JR., Appellant, v. HARDWARE MUTUAL CASUALTY COMPANY, Defendant, and LOUIS MULLER, Respondent.— Plaintiff, appellant, claims to have suffered personal injuries and that his car was damaged by reason of the negligence of the defendant, respondent, Muller. At the instance of an employee of defendant casualty company, acting as agent for both defendants, he executed a general release, and accepted $275 in full settlement. This sum equalled the doctor's and hospital bills and lost earnings only. Plaintiff claims that this employee fraudulently represented that defendant Muller's insurance policy covered merely these items, and that the release was conditional, permitting plaintiff to proceed against defendant Muller for personal injuries and property damage, and that Muller was financially irresponsible. Plaintiff sues both defendants to recover damages occasioned by the fraud. Defendant Muller moved to compel plaintiff to separately state and number two causes of action, and to strike out the Hardware Mutual Casualty Company as a party defendant, and from an order granting the motion this appeal is taken. The complaint alleges negligence on the part of defendant Muller, resulting in plaintiff's injuries, his own freedom from contributory negligence, and the acts of fraud set forth above. These allegations are necessary to enable the jury to determine what would have been a fair settlement and to deduct therefrom the amount actually received, to reach a verdict. The complaint alleges but one cause of action, namely, in fraud. Order reversed on the law and the facts, with ten dollars costs and disbursements, and defendant's motion denied, with ten dollars costs, with leave to the defendants to answer within ten days from the entry of the order herein. (*Ishie* v. *Norton Co.*, 183 App. Div. 94; *Urtz* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 170; *Duquette* v. *New York Central & H. R. R. R. Co.*, 137 App. Div. 412.) Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

ALICE SHEEHAN and Another, Respondents, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant.— Defendant appeals from a judgment in favor of plaintiff Alice Sheehan in the sum of $5,166.85, and in favor of her husband, Albert Sheehan, in the sum of $1,000, entered upon the verdict of a jury, after a trial to recover damages for personal injuries. Mrs. Sheehan fell on a stairway leading from a station of one of defendant's elevated railroad lines. Our examination of the record leads us to conclude that there was insufficient evidence to justify the verdict. The verdict must have been based upon conjecture, since the plaintiff wife failed to prove a condition justifying a charge of negligence. Judgment reversed on the law, with costs, and the complaint dismissed, with costs. Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ., concur.

GERTRUDE SIEGEL and Another, Appellants, v. MAX FEDER, Respondent.— Action growing out of injuries received by plaintiffs, husband and wife, while riding in a car owned and operated by defendant. Defendant, after passing to the left of a car going in the same direction, made such a sharp turn to the right that he lost control and the car went into a ditch. Judgment in favor of defendant reversed on the law and the facts and a new trial granted, costs to appellants to abide the event, on the ground that the verdict was against the weight of the evidence. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.