Henry Clay Greenberg, J.
This motion presents in a complicated setting the troublesome question of indispensable parties. The guiding principle is easily stated: that in an action for rescission of an agreement, all parties to the agreement are indispensable and must be brought before the court (Galusha v. Galusha, 138 N. Y. 272; Gugel v. Hiscox, 216 N. Y. 145; McKnight v. Bank of N. Y. Trust Co., 254 N. Y. 417). But its application under these rather unusual circumstances is far from simple.
In 1956 plaintiff was a stockholder of a New York corporation with which he had a long-term employment agreement as one of its two managers. The corporation had been organized for, and was profitably engaged in, the business of manufacturing and marketing a nonwoven textile made by a process owned and controlled by a West German corporation which, through a nominee, also owned stock in the New York corporation. The remaining stockholders consisted of the other manager and two residents of Milwaukee, Wisconsin.
In 1956 in West Germany plaintiff entered into an agreement to sell his shareholdings in, and surrender his employment agreement with, the New York corporation for a very substantial consideration. Shortly thereafter plaintiff received payment in New York City in exchange for the necessary documents of transfer and surrender executed by him. One year later, having previously thereto tendered the return of the consideration received by him, plaintiff instituted this action to rescind the agreement and for a restoration of his stock and employment rights, on the ground of fraud in concealing from him the fact that the West German corporation had secretly filed a patent application for an extremely valuable improvement in its process which, pursuant to contract, was assignable to the New York corporation.
Identifying all the parties affected by a determination rescinding this transaction involves a nice problem of mixed law and fact.
The agreement was signed in his individual capacity by Bichard Freudenberg, the chief executive officer and principal stockholder of the West German corporation. Plaintiff agreed to “ sell to Bichard Freudenberg acting for and on behalf of the holders of Class A [the West German corporation] and Class D stock [the Milwaukee residents] ” of the New York corporation, *71 “ in such proportions as they may agree among themselves,” and “ Richard Freudenberg agrees that the said Class A and Class D stockholders ” will purchase plaintiff’s stock at the price and on the terms stated. It was provided that if the Class D stockholders did not participate in the purchase, the Class A stockholder would make the agreed payment. Richard Freudenberg also guaranteed the performance of such agreement by any corporation in which he was directly or indirectly interested. In addition, he agreed that the New York corporation would enter into an agreement with plaintiff relating • to specified future payments to be made to complete the transaction.
The payment to plaintiff was made through a New York representative of Richard Freudenberg again described as ‘ ‘ acting for and in behalf of the Class A and Class D stockholders ”. The papers before the court do not disclose the ownership of the moneys actually delivered to plaintiff nor the manner of distribution of the purchased stock.
Plaintiff properly joined as defendants all the stockholders of the New York corporation, the New York corporation itself and Richard Freudenberg. The first and main cause of action is against all defendants for rescission of the agreement and restoration of plaintiff’s original status. The second cause is against the New York corporation alone and, except for a portion thereof — $45,000 — which is claimed to be due for a period antedating the agreement, is for payments allegedly due under plaintiff’s employment agreement provided rescission under the first cause is first granted. The third cause seeks alternatively to recover the amounts claimed to be due under the second cause from Richard Freudenberg and those stockholders who have availed themselves of the benefits of the purchase agreement. Plaintiff is not here suing for damages in a fraud action, wherein tort-feasors may be sued jointly or severally at his choice, but has so framed his complaint that all causes depend on the primary relief of rescission.
Plaintiff’s attempts to obtain jurisdiction over all defendants have thus far not been successful. An order procured by him for service of the summons by publication upon the nonresident defendants was vacated for the stated reason that the in rem relief sought in the complaint was conditioned upon the granting of the in personam relief of rescisión. Plaintiff’s appeal from the order of vacatur is still pending. In the meantime he managed to effect personal service in New York on Richard Freudenberg both individually and as an officer of the West German corporation. The latter’s motion to vacate the service of the *72 summons as to it on the ground that it is a foreign corporation not doing business in the State, is still undetermined, a reference of such issue having been directed.
It seems clear that, although Eichard Freudenberg made some personal commitments with regard to the transaction and is properly joined in the action, the West German corporation is the real principal for whom he acted and it is therefore an indispensable party to any action seeking rescission of the purchase agreement. Since, without rescission, there is no relief obtainable under this complaint except as to the. afore-mentioned $45,000 portion of the second cause against the New York corporation alone, it is deemed appropriate that, except as to this portion, plaintiff be stayed from further proceedings until it is determined that the West German corporation has been properly brought into the action. The time of the moving defendants to answer or move with respect to the complaint (save for the excepted portion) is accordingly extended to 20 days after service of a copy of an order vacating, upon such determination, said stay, with notice of entry thereof.
Concerning-the holders of Class D stock — the Milwaukee residents— it would appear on the face of the agreement that they are parties thereto and hence also indispensable parties. But, since it may be that they did not participate in the purchase ■— a contingency expressly provided for in the agreement — their indispensability is a matter for determination after a full review of all the facts. Plaintiff should be allowed the opportunity to establish at the trial facts tending to show that this controversy can be decided and the relief prayed for granted without these absent parties. The hearing and determination of the motion as to them is therefore deferred until the trial (Rules Civ. Prac., rule 102, subd. 2; see Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 190-191).
The motion is accordingly granted to the extent indicated. Settle order.