Mario Pittoni, J.
This is a motion by certain defendants for an order (Civ. Prac. Act, §§ 180, 193) dismissing the complaint for unreasonable neglect to serve indispensable parties, or in the alternative (Civ. Prac. Act, § 193; Rules Civ. Prac., rule 102) to require plaintiffs to bring in indispensable parties and to stay the proceedings until that shall have been done and extending defendants’ time to answer.
The action has been described by this court (Meyer, J.), in denying a motion to compel separate statement and numbering of causes of action, as one the gravamen of which is alleged fraud of the defendants, by which the plaintiffs were induced in 1959, to execute releases of claims arising from alleged *25 frauds previously committed against their testatrix, and at the same time to part with stock owned by the estate for inadequate consideration. The prayer for relief seeks rescission of the transactions, or in the alternative, damages.
George M. Field and Garnette P. Field, presumably the principal beneficiaries of the alleged fraud, were, when the action was begun, residents of the State of California, and no jurisdiction over them has been obtained in this action.
Accordingly, the other defendants make this motion, arguing that the action should be dismissed or proceedings stayed until all the parties whose presence is necessary to a judgment of rescission are before the court.
Were the action solely for rescission, there would bo merit in the movants’ contention (Morgenstern v. Freudenberg, 10 Misc 2d 69 and cases there cited); but this case may eventually resolve itself into an action for damages for fraud (Sharkany v. Hardware Mut. Cas. Co., 245 App. Div. 737). The complaint is appropriately framed to accomplish that result, and the Fields may never be served; in fact, the court is told that George M. Field has died since the making of this motion and that his estate will be administered in the State of California.
Although the inability or failure of the plaintiffs to obtain jurisdiction of the Fields may make a judgment of rescission impossible, their absence from the litigation would be no bar to a judgment for damages against any defendant proved to have participated in a fraud against plaintiffs (Civ. Prac. Act, § 112-e; Keene v. Chambers, 271 N. Y. 326). The Fields are not indispensable parties to the granting of such relief. Plaintiffs, should they prove a tort has been committed, are entitled to recover against those over whom the court has jurisdiction. (Fox v. Western N. Y. Motor Lines, 257 N. Y. 305.)
Upon this view of the nature of the litigation, no part of the relief sought by the moving defendants is appropriate, and the motion is denied in all respects, but the moving defendants may have 10 days to answer after service on them of a copy of the order to be entered hereon with notice of entry.